**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID No. 1402018635 |
| | ) | |
| STEVEN A. GILLIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: December 23, 2015
Decided: January 19, 2016

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
SHOULD BE DENIED.**

Julie A. Finocchiaro, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Steven A. Gillis, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se.*

PARKER, Commissioner

This 19th day of January 2016, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. On April 14, 2014, Defendant Steven A. Gillis was indicted on the charges of possession of a firearm by a person prohibited, possession of ammunition by a person prohibited, driving a vehicle while license is suspended or revoked, and failure to wear a seatbelt.

2. The events leading to the charges are as follows: On February 27, 2014, Defendant's vehicle was stopped for failure to wear a seatbelt. After the stop, the police determined that Defendant's driver's license was revoked for a felony conviction of trafficking in cocaine and that Defendant was on probation.[1]

3. At the time of the stop, Defendant told the police that he lived "right around the corner" at Lancaster Court Apartments. Defendant possessed a house key for Lancaster Court.[2]

4. Defendant's sister was a passenger in the vehicle. She had a yellow envelope on her lap which contained $4000 in cash. (Ultimately, it was determined that this money was the result of an auto insurance claim and vehicle claim. The cash was returned to Defendant's sister.)[3]

5. A K-9 search was conducted. The dog alerted for the presence of illegal drugs in the vehicle. Probation and Parole officers conducted an administrative search of

---

[1] *State v. Gillis,* 2014 WL 3706550, *1 (Del.Super.).
[2] *State v. Gillis,* 2014 WL 3706550, *1 (Del.Super.).
[3] *State v. Gillis,* 2014 WL 3706550, *1 (Del.Super.).

1

Defendant's address on record. The address of record was not at the Lancaster Court Apartments.[4]

6. The administrative search of Defendant's address of record was approved due to the K-9 alert to the presence of illegal drugs in a vehicle that Defendant was driving, Defendant's previous drug conviction, and because Defendant was driving while his license was revoked.[5]

7. The Probation and Parole officers determined that Defendant's personal belongings were not located at his address of record. Defendant's sister informed the State Police officer that Defendant resided with his girlfriend at the Lancaster Court Apartments. The apartments were "right around the corner" from the vehicle stop.[6]

8. Probation and Parole conducted a second administrative search, this time of the Lancaster Court apartment. The key found on Defendant fit the front door lock to the apartment. In a bedroom, Probation and Parole saw a storage bin containing all male clothing, court documents relating to Defendant, and mail addressed to Defendant. The search located a firearm, which had one round of ammunition chambered and an additional four rounds in the magazine, a box of ammunition containing 20 rounds, and glassine bags commonly used to package illegal drugs.[7]

9. Defendant's girlfriend denied awareness or ownership of the items found.[8]

10. After the Lancaster Court search, Defendant was given *Miranda* warnings. He stated that he resided at both his address of record with Probation and Parole and at Lancaster Court. He then admitted that the gun found at the apartment belonged to him.[9]

---

[4] *State v. Gillis,* 2014 WL 3706550, *1 (Del.Super.).
[5] *State v. Gillis,* 2014 WL 3706550, *1 (Del.Super.).
[6] *State v. Gillis,* 2014 WL 3706550, *1 (Del.Super.).
[7] *State v. Gillis,* 2014 WL 3706550, *1 (Del.Super.).
[8] *State v. Gillis,* 2014 WL 3706550, *1 (Del.Super.).

11.     On May 5, 2014, Defendant's trial counsel filed a Motion to Suppress.[10] In that motion, Defendant sought to suppress "all evidence, including statements, following the warrantless stop, detention and seizure of the defendant and search of his girlfriend's house."

12.     On July 18, 2014, a suppression hearing was held.

13.     On July 24, 2014, the Superior Court issued its decision denying Defendant's motion to suppress. The Superior Court held that the second administrative search at the Lancaster Court apartment was proper. The court further held that the post-*Miranda* statements by Defendant were voluntary and not the result of coercive conduct by law enforcement.[11]

14.     Defendant was facing a potential habitual offender status designation if convicted of the pending charges, pursuant to 11 *Del. C.* 4214(a), with a sentence of 15 years to life.[12]

15.   Having lost the suppression motion, and having admitted that the gun found at the Lancaster Court apartment belonged to him, Defendant decided to plead guilty to the firearms charge. In return, the State agreed to dismiss the remaining charges, to cap its sentence recommendation to unsuspended Level V time of 10 years (minimum mandatory time), and to not seek to a habitual offender status designation.

16.     On September 11, 2014, Defendant pled guilty to possession of a firearm by a person prohibited, with two prior violent felonies, a Class C violent felony. Following

---

[9] *State v. Gillis,* 2014 WL 3706550, *1-2 (Del.Super.).
[10] Superior Court Docket No. 10- May 5, 2014 Motion to Suppress.
[11] *State v. Gillis,* 2014 WL 3706550 (Del.Super.).
[12] September 11, 2014 Plea Transcript, at pgs. 4-8.

the entry of the plea, Defendant was immediately sentenced to 15 years at Level V suspended after 10 years for decreasing levels of supervision.

17. Defendant did not file a direct appeal to the Delaware Supreme Court.

## DEFENDANT'S RULE 61 MOTION

18. On October 20, 2015, Defendant filed the subject motion for postconviction relief.[13] In the subject motion, Defendant claims that his counsel provided ineffective assistance of counsel due to counsel's failure to adequately argue the motion to suppress.

19. Before making a recommendation, the Commissioner enlarged the record by directing Defendant's trial counsel to submit an Affidavit responding to Defendant's ineffective assistance of counsel claim.[14]

20. The claim raised in the subject motion was waived upon the entry of the plea and is also without merit.

21. In the subject motion, Defendant claims that his counsel did not adequately argue the motion to suppress, but he does not provide any specifics as to what his counsel should have done differently. Defendant, in his Rule 61 motion, merely reiterates the facts and issues, which were already raised by counsel in the suppression motion, as to why he should have prevailed on the suppression motion.

22. Defendant's trial counsel filed a detailed suppression motion raising all the facts and issues that Defendant re-raises in the subject Rule 61 motion. Following a hearing on the motion, the court denied the motion despite trial counsel's reasonable efforts. In actuality, it appears that Defendant is really just disappointed with the Superior Court's finding against him on the suppression issue, not his counsel's handling of the motion,

---

[13] Superior Court Docket No. 30.
[14] Super.Ct.Crim.R. 61(g)(1) and (2).

4

but is seeking to re-raise and revisit the motion by couching it as an ineffective assistance of counsel claim.

23. Having lost the suppression motion, Defendant was faced with a decision. He could preserve his right to challenge the decision on the suppression motion by going to trial but, if convicted, he could be facing a 15 year to life sentence. On the other hand, Defendant could accept the plea offer to a recommended 10 years of unsuspended Level V time but, by doing so, would be waiving his right to challenge the suppression decision on appeal. If Defendant elected to go to trial to preserve the suppression issue on appeal, and thereafter was unsuccessful, he could be serving significantly more jail time.

24. Having weighed his options, Defendant chose to accept the plea offer with a recommendation of 10 years of unsuspended Level V time. His guilty plea represented a rational choice given the pending charges, the evidence against him, and the potential sentence he was facing.

25. Having accepted the plea offer, thereby waiving his right to appeal the suppression issue, Defendant is now attempting to indirectly seek review of the Superior Court's decision by couching his claim as an ineffective assistance of counsel contention. Defendant is prohibited from doing indirectly what he is prohibited from doing directly.

26. Since Defendant's plea was entered into voluntarily, intelligently and knowingly, (and, in fact, there is no claim to the contrary), Defendant waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[15] Defendant's claim that his counsel was ineffective for not adequately arguing the suppression motion was waived along with any and all

---

[15] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).

other alleged errors, defects or improprieties, at the time Defendant entered his plea. Indeed, the right to challenge the denial of a motion to suppress is waived at the time of the entry of a voluntary guilty plea.[16]

27.     Defendant's claim was waived upon the entry of his plea.

28.     In addition to having waived the subject claim upon the entry of the plea, Defendant's claim is also without merit. In order to prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged *Strickland t*est by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[17] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[18]

29.     In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient.  The Defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial."[19]  Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[20]

---

[16] See, *Mills v. State,* 2016 WL 97494, at *3 (Del.)
[17] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[18] *Id.* at 687-88, 694.
[19] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[20] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

6

30. The United States Supreme Court has reiterated the high bar that must be surmounted to prevail on an ineffective assistance of counsel claim.[21] The United States Supreme Court cautioned that in reviewing ineffective assistance of counsel claims in the context of a plea bargain, the court must be mindful of the fact that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."[22]

31. In the subject action, during the plea colloquy, Defendant represented that he had discussed the plea agreement, Immediate Sentencing form and Truth in Sentencing Guilty Plea Form with his counsel and that he was satisfied with his counsel's representation.[23] Defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[24]

32. Defendant does not provide any assertions, allegations, examples, or evidence as to what counsel should have done differently that would have resulted in a different outcome on the suppression motion. Defendant has not provided any clear examples of what counsel should have raised in the suppression motion but did not. Defendant does not raise any facts or issues in his Rule 61 motion that counsel had not already raised in the motion to suppress. Defendant merely re-raises and reiterates in his Rule 61 motion the same arguments made by counsel in the suppression motion. Conclusory,

---

[21] *Premo v Moore,* 131 S.Ct. 733, 739-744 (2011).
[22] *Id.*, at pg. 741.
[23] September 11, 2014 Plea Transcript, at pgs. 5; Truth-In-Sentencing Guilty Plea Form dated September 11, 2014.
[24] *State v. Harden,* 1998 WL 735879, *5 (Del.Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del.Super. 2008).

7

unsupported and unsubstantiated allegations are insufficient to establish a claim of ineffective assistance of counsel.[25]

33.     Defendant has not established that his counsel was deficient in any regard nor has he established that he suffered any actual prejudice as a result thereof.

34.     Defendant received a significant benefit by pleading guilty and being spared, if convicted, of being declared a habitual offender.  Defendant's guilty plea represented a rational choice given the pending charges, Defendant's prior criminal record, and the possible sentence he was facing.  Defendant cannot now couch his claim as an ineffective assistance of counsel claim and attempt to seek review of the suppression motion. Defendant waived his right to challenge the decision on the suppression motion upon his entry of his plea, however, it is couched.  Moreover, Defendant has not established that his counsel's representation was deficient in any respect or that he suffered any actual prejudice as a result thereof.


For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be denied.

**IT IS SO RECOMMENDED.**

_____/s/_____
Commissioner Lynne M. Parker


oc:     Prothonotary
        Michael W. Modica, Esquire

---

[25] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,* 2004 WL 74506, *2 (Del.Super. 2004)(conclusory and unsubstantiated allegations of unprofessional conduct are insufficient to support a motion for postconviction relief).