**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID No. 0611011662 |
| | ) | |
| RYAN D. SINCLAIR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: May 9, 2016
Decided: August 11, 2016

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
SHOULD BE SUMMARILY DISMISSED.**

James J. Kriner, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Ryan D. Sinclair, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 11th day of August 2016, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. Defendant Ryan D. Sinclair was charged with Murder in the First Degree, and Possession of a Firearm During the Commission of a Felony ("PFDCF"), in connection with the shooting death of Oneil Banks. The shooting occurred on Wednesday, November 15, 2006, about fifteen minutes before midnight and the victim died from the gunshot wounds on November 16, 2006.[1]

2. The victim had sustained multiple gunshot wounds and made a dying declaration. The victim told the police that Defendant had shot him.[2] In addition, Defendant's identification was found at the victim's residence. Defendant left his wallet on Defendant's sofa.[3] Defendant was taken into custody on November 16, 2006, and admitted that he had shot the victim.[4]

3. On October 16, 2007, Defendant pled guilty to Murder in the Second Degree (a lesser included offense of first degree murder), and to the PFDCF charge. As part of the plea agreement, the parties agreed to jointly recommend a sentence of 20 years at Level V.[5]

4. On February 1, 2008, Defendant was sentenced to 20 years of unsuspended Level V time, followed by decreasing levels of probation.

5. Defendant did not file a direct appeal to the Delaware Supreme Court.

---

[1] November 22, 2006 Preliminary Hearing Transcript, at pgs. 4-5.
[2] November 22, 2006 Preliminary Hearing Transcript, at pg. 4.
[3] November 22, 2006 Preliminary Hearing Transcript, at pg. 7.
[4] November 22, 2006 Preliminary Hearing Transcript, at pg. 5.
[5] See, Plea Agreement dated October 16, 2007, Superior Court Docket No. 29.

1

6.  On May 20, 2008, Defendant filed a motion for modification of sentence.[6] In that motion, Defendant made no representation that he felt he was not competent to enter into his plea, that his counsel was ineffective, or that he was not guilty of the crimes to which he pled guilty. By Letter Order dated July 24, 2008, the Superior Court denied Defendant's motion for modification of sentence.[7] The court, in denying the motion, advised Defendant that it had considered Defendant's lack of a prior criminal record as well as his mental health issues when sentencing Defendant.[8] The court also advised that Defendant must appreciate that he took the life of another individual. Finally, the court advised that a great deal of time and effort was given to craft an appropriate sentence and that a modification of sentence was not warranted under the circumstances of this case.[9]

7.  Over four years after his sentencing, on May 18, 2012, Defendant filed a Rule 61 motion for postconviction relief.[10] In that motion, Defendant contended that he was not mentally competent to enter into his plea, that his counsel provided ineffective assistance, that counsel was ineffective in failing to pursue an Extreme Emotional Distress defense because the victim was beating him with a deadly weapon, and that the State falsely prosecuted him because the murder was not his fault.[11]

8.  On June 12, 2012, a Superior Court Commissioner issued his Report and Recommendation recommending that the Rule 61 postconviction motion be denied.[12] The Commissioner recommended that Defendant's Rule 61 motion be dismissed since it was procedurally barred on the grounds that it was untimely and that Defendant's claims

---

[6] Superior Court Docket No. 42.
[7] Superior Court Docket No. 43.
[8] Superior Court Docket No. 43.
[9] Superior Court Docket No. 43.
[10] Superior Court Docket No. 44.
[11] Superior Court Docket No. 44.
[12] Superior Court Docket No. 47.

2

should have been raised in prior proceedings and/or were otherwise procedurally barred.[13]

9.      The Superior Court Commissioner noted in his Report and Recommendation that Defendant could have made the claims contained in his Rule 61 motion at any time before he accepted his plea, during the plea colloquy, at his sentencing, or even in his motion for sentence modification.  Yet at each stage, Defendant remained silent. Accordingly, the Commissioner concluded that in addition to being untimely,  the motion was also procedurally barred for Defendant's failure to raise his claims at trial or on direct appeal.[14]

10.      The Commissioner noted that the record reflected that Defendant had entered into his plea knowingly, intelligently and voluntarily.  The Commissioner recognized that Defendant stated at the time of the plea that he understood his potential minimum mandatory sentence, that he was not threatened or forced to take the plea, that he was freely and voluntarily taking the plea, and that he was satisfied with his attorney's representation of him.[15]

11.      The Commissioner acknowledged the controlling law that a defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[16]  The Commissioner concluded that Defendant had not presented any clear, contrary evidence to call into question his prior testimony at the plea colloquy, Plea Agreement or answers on the Truth-In-Sentencing

---

[13] Superior Court Docket No. 47.

[14] Superior Court Docket No. 47, at pgs. 4-5.

[15] Superior Court Docket No. 47, at pg. 7; See also, Truth-in-Sentencing Guilty Plea Form dated October 16, 2007.

[16] Superior Court Docket No. 47, at pg. 7; See also, *State  v. Harden,* 1998 WL 735879, *5 (Del.Super.); *State v. Stuart,*  2008 WL 4868658, *3 (Del.Super. 2008).

Guilty Plea Form. The Commissioner concluded that any claim that Defendant's plea was not voluntary was without merit.[17]

12.    The Commissioner also noted that since Defendant's plea was entered into voluntarily, intelligently and knowingly, Defendant waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[18]

13.    By Order dated July 31, 2012, the Superior Court adopted the Commissioner's Report and Recommendation and denied Defendant's Rule 61 postconviction motion.[19]

14.    On January 14, 2013, Defendant filed another motion for modification of sentence.[20] In that motion, Defendant again raised his Extreme Emotional Distress defense, that he was mentally ill, and that he should have been convicted of manslaughter not murder in the second degree.[21] By Order dated April 30, 2013, the Superior Court denied the motion.[22] The court explained that the sentence imposed was fair and appropriate and a modification was not warranted.[23]

15.    On July 9, 2014, Defendant filed a motion for the appointment of counsel to assist him in filing a second Rule 61 motion.[24] Defendant's request for the appointment of counsel was denied by the court on August 1, 2014.[25]

16.    On May 2, 2016, filed the subject Rule 61 motion.

---

[17] Superior Court Docket No. 47, at pg. 7-8.
[18] Superior Court Docket No. 47, at pg. 7; See also, *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).
[19] *State v. Sinclair,* 2012 WL 3535865 (Del.Super.).
[20] Superior Court Docket No. 49.
[21] See, Superior Court Docket No. 49.
[22] Superior Court Docket No. 50.
[23] Superior Court Docket No. 50.
[24] Superior Court Docket No. 51.
[25] Superior Court Docket No. 52.

**DEFENDANT'S RULE 61 MOTION**

17.     In the subject Rule 61 motion, filed on May 2, 2016, Defendant raises several claims.[26] He re-raises claims about his Extreme Emotional Distress defense, he re-raises the claim he made in his January 14, 2013 motion for modification of sentence that he should have been convicted of involuntary manslaughter not murder in the second degree, and he re-raises ineffective assistance of counsel claims at the investigation and plea stages.[27]

18.     In second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that new evidence exists that creates a strong inference that he is actually innocent of the charge for which he was convicted, or 2) the existence of a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[28] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[29]

19.     Defendant's subject motion, his second Rule 61 motion, should be summarily dismissed.  Defendant has not pled with particularity that any new evidence exists that creates a strong inference that he is actually innocent of the charge for which he was convicted nor that there is a new rule of law that would render his conviction invalid.

20.     Defendant does not raise anything new or recently discovered.  All of Defendant's claims stem from facts known to him at the time of his plea in 2007 and sentencing in 2008.  Defendant does not raise any new evidence, let alone new evidence that would

---

[26] Superior Court Docket No. 56.
[27] See, Superior Court Docket No. 56.
[28] Super.Ct.Crim.R. 61(d)(2)& (5); and Rule 61(i) (effective June 4, 2014).
[29] Super.Ct.Crim.R. 61(d)(5).

5

create a strong inference that he is actually innocent. Moreover, Defendant does not claim the existence of any new rule of constitutional law that would be applicable to his case. As such, Defendant has failed to meet the pleading requirements allowing him to proceed with his Rule 61 motion. In accordance with the mandates of Rule 61, Defendant's motion should be summarily dismissed.[30]

21.    Moreover, in addition to failing to meet the pleading requirements necessary to proceed with the subject motion, all of the claims raised herein were waived when Defendant entered into his plea. As previously noted in the Commissioner's Report of Recommendation of June 12, 2012 in Defendant's first Rule 61 postconviction motion, Defendant waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[31] All of the claims presented herein stem from allegations of errors, deficiencies or defects occurring prior to the entry of the plea, and were all waived at the time of the entry of the voluntary guilty plea.[32]

22.     Defendant's motion also falls short of other procedural requirements that must be met. If a procedural bar exists, then the claim is barred and the court should not consider the merits of the claim.[33]

23.    Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[34] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances

---

[30]  Super.Ct.Crim.R. 61(d)(2) & 5; and Rule 61(i).
[31] Superior Court Docket No. 47, at pg. 7; See also, *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).
[32] See, *Mills v. State,* 2016 WL 97494, at *3 (Del.).
[33] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[34] Super.Ct.Crim.R. 61(i)(1).

6

(ie. discovery of new evidence or new rule of constitutional law) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[35]

24.     In the subject action, Defendant's motion is time-barred.  The final order of conviction was in March 2008[36], and this motion was filed in May 2016, over 8 years later.[37]  This motion was filed well outside the applicable one year limit.  Defendant's claims, at this late date, are time-barred.

25.     As previously discussed, Rule 61(i)(2) further precludes this court's consideration of Defendant's motion since Defendant has not satisfied the pleading requirements for proceeding with this motion.  Defendant has not established that new evidence exists creating a strong inference of Defendant's actual innocence or the existence of a new rule of constitutional law.

26.     Rule 61(i)(3)  also prevents this court from considering Defendant's claims at this late date, since he did not raise them at the plea stage, sentencing stage, on direct appeal or in a timely filed Rule 61 motion.  Defendant was aware of, had time to, and the opportunity to raise all of the claims presented herein in a timely filed motion.  All of Defendant's claims stem from facts known to Defendant at the time of his plea and at the time of sentencing.  Defendant does not raise anything new or recently discovered.

---

[35]  Super.Ct.Crim.R. 61 (effective June 4, 2014).
[36] Super.Ct.Crim.R. 61(m)(1).
[37] Super.Ct.Crim.R. 61(i)(1).

27. Finally, Rule 61(i)(4) also precludes Defendant's claims raised herein since most, if not all, of the claims were already raised and adjudicated in some fashion on Defendant's prior untimely filed postconviction relief motion and/or on his motions for modification of sentence. Those claims previously raised are procedurally barred as previously adjudicated.

28. Defendant has not established any prejudice to his rights and/or cause for relief. Defendant had time and opportunity to raise any issue raised herein in a timely filed postconviction motion. There is no just reason for Defendant's 8 year delay in doing so. Having been provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

29. Defendant has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, the motion should be summarily dismissed. Defendant's motion is also time barred, waived, and otherwise procedurally barred.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed.

**IT IS SO RECOMMENDED.**

_____
Commissioner Lynne M. Parker

oc:     Prothonotary

8