# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No.1609020077 |
| | ) | |
| DAMIRE L. KENNEDY | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: October 9, 2018
Decided: January 25, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

John Taylor, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Damire L. Kennedy, Wilmington, Delaware, *pro se.*

**MAYER,** Commissioner

This 25th day of January, 2019, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On September 23, 2016, Wilmington Police began an investigation of a shooting that occurred that day at 27th Street and Church Street in Wilmington, Delaware. The State obtained video footage showing Damire Kennedy ("Defendant"), firing a gun both through his windshield and then again after having exited the car. The video shows Defendant shooting at three unidentified minors who were fleeing the area. Defendant had left his car at the scene and law enforcement found numerous personal items belonging to Defendant in the car. Defendant was indicted on the charges of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited, six counts of Reckless Endangering First Degree, and six counts of Possession of a Firearm During the Commission of a Felony.

On February 28, 2017, Defendant executed a Plea Agreement[1] and Truth-in-Sentencing Guilty Plea Form. Through these documents, Defendant agreed to plead guilty to one (1) count of PFBPP and two (2) counts of Reckless Endangering First Degree. The Plea Agreement specifically noted that the PFBPP charge related to

---

[1] D.I. # 15.

2

"Two Prior Violent Felonies, 10 y m/m". In exchange, all other charges would be dismissed. Defendant represented he was freely and voluntarily choosing to plead guilty to the charges, he was not threatened or forced to enter the plea, and he was waiving certain constitutional rights including the right to a trial, to contest the State's evidence and offer his own witnesses, and to appeal if convicted. On May 11, 2017, after a pre-sentence investigation, Defendant was sentenced, collectively, to eleven (11) years of unsuspended Level V time, followed by decreasing levels of supervision.[2]

On May 4, 2018, Defendant filed his first Motion for Postconviction relief.[3] Defendant's Motion argues three grounds for relief: (1) trial counsel was ineffective because he violated attorney-client privilege when he told the prosecutor that Defendant possessed a firearm; (2) trial counsel never argued that Defendant only had one prior felony, rather than two; and (3) trial counsel failed to investigate potential witnesses and evidence. The record was enlarged, trial counsel submitted an Affidavit in response,[4] the State filed a Response to Defendant's Amended Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61,[5] and

---

[2] D.I. # 17.

[3] D.I. # 20.

[4] D.I. # 24.

[5] D.I. # 26.

3

Defendant filed a Final Response to State & Lawyers Response to Post Conviction Relief Criminal Rule 61.[6] The record is now complete and the following is my Report and Recommendation that Defendant's Motion should be DENIED.

## ANALYSIS OF DEFENDANT'S RULE 61 MOTION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[7] This is Defendant's first motion for postconviction relief and it was timely filed pursuant to Superior Court Criminal Rule 61.[8] However pursuant to Super. Ct. Crim. R. 61(i)(3) any ground for relief that was not previously raised is deemed waived, unless the defendant establishes cause for relief and prejudice from a violation of his rights. Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[9]

Although titled differently, each of Defendant's claims appear to raise concerns of ineffective assistance of counsel. In order to prevail on an ineffective

---

[6] D.I. # 28.

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[8] The procedural bar of Super. Ct. Crim. R. 61(i)(4) barring claims that were formerly adjudicated is also not applicable.

[9] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[10] When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[11] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[12] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[13] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[14]

---

[10] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[11] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[12] *State v. Wright*, 653 A.2d 288, 293-94 (Del. 1994) (citations omitted).

[13] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[14] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

Defendant's first claim alleges trial counsel was ineffective because he violated attorney-client privilege when, prior to entry of the plea, he told the prosecutor that Defendant possessed a firearm. Both trial counsel and the State prosecutor deny this occurred. In support of his claim, Defendant references the Sentencing Hearing.[15] However, all of these statements took place after Defendant plead guilty to the charge of PFBPP and were said by trial counsel by way of mitigation evidence. To the extent Defendant implies trial counsel may have entered into plea negotiations with the State, any such discussions would not have been admissible against Defendant nor prejudicial to his case. Defendant cannot ignore the video footage that would have placed him in the car possessing and firing a firearm. In fact, at the Sentencing Hearing, Defendant accepted full responsibility for his actions and admitted he was "guilty for having a firearm."[16] In light of the above, Defendant has not met his burden of demonstrating an error by trial counsel or prejudice as a result of counsel's actions.

Next, Defendant believes trial counsel should have argued that Defendant only had one prior felony, rather than two. One of Defendant's prior felony convictions was a non-violent felony under Federal Law. However, the State took

---

[15] Defendant refers to the Sentencing Transcript dated May 11, 2017, page 9 at lines 15-25; page 10 at line 1; and page 11 at lines 20-23.

[16] Sentencing Transcript at p. 14.

the position that it was the equivalent of a violent felony under Delaware law.[17]

Pursuant to 11 Del. C. §4215A the Court would need to determine whether, had the conviction been in Delaware, would it have qualified as a violent felony. Defendant having previously been convicted of Possession with Intent to Deliver Heroin, he was a person prohibited from possessing a firearm. Therefore, his second conviction, possession of a firearm by a person convicted of a crime, would have been classified as violent under 11 Del. C. §4201(c).[18] Defendant cites *State v. Capers*,[19] which actually supports the State's position. In *Capers*, the Court held:

> in the context of a person prohibited sentencing, the provision of 11 Del. C. §4201(c) defining "violent felonies" was intended to include offenses in other jurisdictions that prohibited the same behavior as "violent felonies" in Delaware regardless whether the foreign jurisdiction designated the behavior "violent" or not.[20]

---

[17] Section 4215(A) provides that a defendant may be liable for the greater punishment if the previous conviction was for "an offense specified in the laws of this State or for an offense which is the same as, or equivalent to, such offense as the same existed and was defined under the laws of this State existing at the time of such conviction."

[18] Under 11 Del. C. §4201(c), Possession of a Deadly Weapon by Persons Prohibited (Firearm or Destructive Weapon Purchased, Owned, Possessed or Controlled by a Violent Felon), is a violent felony.

[19] 2015 WL 7301890 (Del. Super., Nov. 17, 2015).

[20] *Id.* at *1, citing 11 Del. C. §1448(e)(3).

*Capers* is factually inapposite as well. At the time Capers tendered his guilty plea, it was to "either" 5 years or 10 years, dependent on the nature and timing of second conviction. Defendant overlooks the fact that at the time he signed the Plea Agreement, he acknowledged that the PFBPP charge was related to two prior violent felonies and carried a minimum mandatory of ten (10) years. As part of the Plea Agreement, the State was entitled to hold Defendant to his stipulations. Trial counsel cannot be deemed ineffective for failing to pursue strategies that held no merit.[21] Defendant has also not established prejudice as a result. Defendant agreed that the State would recommend a total of eleven (11) years of Level V incarceration and that the minimum mandatory for the PFBPP charge was ten (10) years. Defendant was sentenced consistent with that agreement and cannot now claim he was prejudiced as a result of the deal he made.

Finally, Defendant argues trial counsel failed to investigate potential witnesses and evidence.[22] According to the Affidavit, trial counsel went to the scene

---

[21] Of note, the Exhibit 1 attached to Defendant's Final Response demonstrates trial counsel consulted with Defendant about the violent felony classification. The letter then states "After discussion [of] the potential impact [sic] the possibility of raising this argument could have on the Plea Agreement and the limited likelihood of success, you agreed that I would not address the matter during sentencing unless the Court or the State brought it up."

[22] Defendant also argues that trial counsel was unaware that the State's witness had relocated and that the vehicle had been destroyed. At the Sentencing Hearing, the State indicated a witness had relocated, but there was no representation that the witness refused to testify. Other than the Defendant's blanket statement about the

in search of witnesses and video footage and interviewed potential witnesses but none would provide personal information or otherwise cooperate. Trial counsel reviewed the State's discovery including photographs of the area, the vehicle and various videos from different locations. Trial counsel then attempted to develop a strategy of self-defense but correctly surmised that to do so would require placing a firearm with the Defendant. Therefore, rather than proceeding to trial and risk a conviction on all charges, Defendant accepted a plea and used the self-defense angle as mitigation evidence.

Even if Defendant feels trial counsel could have done more, he waived his right to contest the evidence against him when he entered the plea. Defendant acknowledged that he freely and voluntarily decided to plead guilty and that he willingly waived certain constitutional rights including the right to a trial, to contest the State's evidence and offer his own witnesses. A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[23] Based on the foregoing, Defendant waived his right to challenge any alleged errors, deficiencies or defects occurring

---

car, there was nothing further in the record indicating the vehicle was destroyed or how that prejudiced his case.

[23] *State v. Harden*, 1998 WL 735879, *5 (Del. Super. Jan. 13, 1998) (internal citations omitted); *State v. Stuart,* 2008 WL 4868658, at *3 (Del. Super. Oct. 7, 2008) (internal citations omitted).

prior to the entry of his plea, even those of constitutional proportions and he cannot do so now.[24]

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

The Honorable Katharine L. Mayer

Original to Prothonotary
cc:    John Taylor, Esquire, Deputy Attorney General
       A. Dale Bowers, II, Esquire
       Damire L. Kennedy

---

[24] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Modjica v. State*, 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

10