## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. ID No. 1703019541 |
| | ) | |
| INNOCENT E. ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 28, 2019
Decided: July 26, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Periann Doko, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Innocent E. Rogers, Sussex Correctional Institution, Georgetown, Delaware, *pro se.*

PARKER, Commissioner

This 26th day of July 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. On February 21, 2017, Defendant Innocent Rogers was arrested for drug dealing and related drug offenses. During the course of the investigation, police recovered a cell phone and obtained a search warrant to examine it. A forensic examination of the phone uncovered multiple photos of underage children engaged in sexual acts. A subsequent search warrant was secured to examine the phone further for evidence of child pornography.

2. On March 16, 2017, New Castle County police executed a search warrant for additional digital devices at Rogers' residence. A Toshiba laptop was examined and revealed several keywords and search terms indicative of child pornography. In addition, file names and fragments of child exploitation material were noted in the system artifacts. Several file sharing programs were also located on both the laptop and cell phone. In total, there were 29 videos of child exploitive material and 44 images of child exploitive material dating as far back as 2014 found on these devices.[1]

3. On May 15, 2017, Rogers was indicted on twenty-five counts of Dealing in Child Pornography. Each of these counts carried a minimum-mandatory sentence

---

[1] March 23, 2018 Sentencing Transcript, at pgs. 14-15.

of two years of incarceration and a maximum sentence of twenty-five years of incarceration. If convicted of all counts, Rogers faced a minimum-mandatory sentence of 50 years of incarceration and a maximum sentence of over 600 years of incarceration.

4. On November 7, 2017, Rogers entered a no-contest plea to one count of Dealing in Child Pornography and three counts of Possession of Child Pornography. Rogers acknowledged that as part of the plea agreement he was facing a two-year minimum-mandatory prison term.[2] After accepting the plea, the Superior Court revoked Rogers' bail, deferred sentencing and ordered a presentence investigation.

5. Before sentencing, Rogers sought to withdraw his plea. On March 23, 2018, the Superior Court denied Rogers' motion to withdraw his plea[3] and sentenced him to a total period of thirty-four years at Level V incarceration, suspended after serving two years in prison, followed by a period of probation.

6. Rogers filed a direct appeal to the Delaware Supreme Court.[4] On appeal, the Delaware Supreme Court affirmed the judgment of the Superior Court.[5] On appeal, Rogers claimed that his counsel was ineffective and that the Superior Court abused

---

[2] Superior Court Docket No. 17- Plea Agreement dated November 7, 2017.
[3] March 23, 2018 Sentencing Transcript at pgs. 12-14.
[4] *Rogers v. State,* 2018 WL 5881536 (Del.).
[5] *Id.*

its discretion by denying his motion to withdraw his guilty plea. The Superior Court would not consider Rogers' ineffective assistance of counsel claim on direct appeal.[6]

7.    As to Rogers' claim that the Superior Court abused its discretion by denying his motion to withdraw his plea, the Delaware Supreme Court held that the record unequivocally established that Rogers entered into his plea voluntarily and that he was not operating under any misapprehension or mistake as to his legal rights.[7] The Delaware Supreme Court concluded that under the circumstances of this case, the Superior Court did not abuse its discretion in denying Rogers' motion to withdraw his plea.[8]

## ROGERS' RULE 61 MOTION

8.    Rogers filed the subject Rule 61 motion on January 18, 2019. In the subject motion, Rogers raises three claims: 1) trial counsel was ineffective for failing to file a motion to suppress; 2) the search warrant was based on stale information, and therefore, invalid; and 3) the Superior Court erred in denying his motion to withdraw guilty plea.

9.    Before making a recommendation, the record was enlarged and Rogers' trial counsel was directed to submit an Affidavit responding to Rogers' ineffective

---

[6] *Id.* at 2.
[7] *Id.*
[8] *Id.*

3

assistance of counsel claims. Thereafter, the State filed a response to the motion. Rogers was given the opportunity to file a reply thereto.[9]

10.    For the reasons discussed below, two of the claims raised in Rogers' Rule 61 motion are procedurally barred, all of the claims raised in the motion were waived, and all of the claims are without merit.

11.    It is noted that Rogers entered into a no-contest plea. For all intents and purposes, a no-contest plea operates as a guilty plea.[10]

### Two of Rogers' Claims Are Procedurally Barred

12.    Prior to addressing the substantive merits of any claim for postconviction relief the court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[11] If a procedural bar exists, then the claim is barred, and the Court should not consider the merits of the postconviction claim.[12]

13.    Superior Court Criminal Rule 61(i)(4) precludes Rogers from raising any claims which were already raised and adjudicated in some fashion on Rogers' direct appeal. Moreover, Superior Court Criminal Rule 61(i)(3) requires that Rogers raise his claims, with the exception of his ineffective assistance of counsel contentions,

---

[9] Super.Ct.Crim.R. 61(g).
[10] *Davenport v. State,* 2019 WL 2513771, *3 (Del.).
[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[12] *Id.*

4

on direct appeal.[13] Rogers' ineffective assistance of counsel claims are not procedurally barred by Rule 61(i)(3) because a Rule 61 motion is the appropriate vehicle for raising these claims.[14]

14. In the subject motion, Rogers claims that the search warrant was based on stale information, and therefore, invalid (Claim Two) and that the Superior Court erred in denying his motion to withdraw his guilty plea (Claim Three) are procedurally barred.

15. As to Rogers' claim that the Superior Court erred in denying his motion to withdraw his guilty plea, the Delaware Supreme Court has already held on direct appeal that the record unequivocally established that Rogers entered his plea voluntarily and that he was not operating under any misapprehension or mistake as to his legal rights.[15] The Delaware Supreme Court already held that under the facts and circumstances of this case, the Superior Court did not abuse its discretion in denying Rogers' motion to withdraw his plea.[16] This claim is therefore procedurally barred as previously adjudicated.

---

[13] See, *Malin v. State*, 2009 WL 537060, at *5 (Del.Super. 2009); *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[14] *Id.*
[15] *Rogers v. State*, 2018 WL 5881536 (Del.).
[16] *Id.*

16. As to Rogers' claim that the search warrant was stale and, therefore, invalid, Rogers was required by Rule 61(i)(3) to raise this claim on direct appeal but failed to do so.

17. Rogers had time and opportunity to raise any issue he desired to on direct appeal. Rogers was aware of, had time to, and the opportunity to raise this claim on direct appeal but failed to do so. Rogers has not established any prejudice to his rights and/or cause for relief. Having been provided with a full and fair opportunity to present any issue desired to be raised on direct appeal, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.[17]

**All of Rogers' Claims Were Waived Upon Entry of His Plea**

18. In addition to two of Rogers' claims being procedurally barred, all of Rogers' claims were also waived upon the entry of his guilty plea.

19. The Delaware Supreme Court on direct appeal has already held that Rogers entered into the plea voluntarily and that he was not operating under any misapprehension or mistake as to his legal rights.[18]

20. A no-contest plea operates for all intents and purposes as a guilty plea.[19]

---

[17] *Johnson v. State*, 1992 WL 183069, at *1 (Del.); *Duhadaway v. State*, 877 A.2d 52 (Del. 2005).
[18] *Rogers v. State*, 2018 WL 5881536 (Del.).
[19] *Rogers v. State*, 2018 WL 5881536, *3 (Del.).

21.    Rogers' voluntary valid plea waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, including claims that counsel was ineffective for failing to file a suppression motion, and any other claims even those of constitutional proportions.[20]

22.    All of Rogers' claims presented herein, including those alleging ineffective assistance of counsel, stem from allegations of defects, errors, misconduct and deficiencies that existed at the time of the entry of the plea.  All of Rogers' claims were waived when he knowingly, freely and intelligently entered his plea.[21]

## Rogers' Claims Are Without Merit

23.    In addition to two of Rogers' claims being procedurally barred and all of Rogers' claims being waived, all of Rogers' claims are also without merit.

24.    In order to prevail on an ineffective assistance of counsel claim in the context of a plea challenge, Rogers must demonstrate that (1) his defense counsel's conduct fell below an "objective standard of reasonableness," and (2) the deficient performance prejudiced the defense.[22] The first prong requires Rogers to show by a

---

[20] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).
[21] See, *Mills v. State,* 2016 WL 97494, at *3 (Del.); *Day v. State,* 2011 WL 3617797 (Del.) (claim that counsel was ineffective for failing to file a suppression motion was waived when defendant voluntarily entered his guilty plea, since voluntary guilty plea waives any claims of error occurring prior to the entry of the plea); *Hickman v. State,* 1994 WL 590495 (Del.).
[22] *Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984).

7

preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[23]

25.    In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[24] The burden of proving ineffective assistance of counsel is on the defendant.[25] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[26]

26.    The United States Supreme Court has reiterated the high bar that must be surmounted to prevail on an ineffective assistance of counsel claim.[27] The United States Supreme Court cautioned that in reviewing ineffective assistance of counsel claims in the context of a plea bargain, the court must be mindful of the fact that "[p]lea bargains are the result of complex negotiations suffused with uncertainty,

---

[23] *Id.* at 687-88, 694.
[24] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hickman v. State,* 1994 WL 590495 (Del.) (applying *Strickland* to guilty pleas).
[25] *Oliver v. State,* 2001 WL 1751246 (Del.).
[26] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990).
[27] *Premo v Moore,* 131 S.Ct. 733, 739-744 (2011).

and defense attorneys must make careful strategic choices in balancing opportunities and risks."[28]

27.    In the subject case, it is important to emphasize that Rogers received a significant benefit by entering into his no-contest plea. He was facing a 50-year minimum-mandatory sentence if convicted of the indicted charges at trial, and as a result of the plea, he was sentenced to two-years of unsuspended prison time. Rogers' plea represented a rational choice given the pending charges, the evidence against him, and the possible sentences he was facing.

28.    In the subject motion, Rogers first claims that his trial counsel was ineffective for failing to file a motion to suppress. Trial counsel explained, during the hearing on Rogers' motion to withdraw his plea, and again, in his Affidavit in response to Rogers' Rule 61 motion, that he did not file a motion to suppress because he did not believe there was any meritorious basis to do so.[29]

29.    Trial counsel explained that Rogers had been arrested for a drug investigation and as part of that investigation, he gave the police the code to open his phone. The police had also obtained a search warrant related to that drug investigation. A forensic examination of the phone uncovered multiple photos of underage children engaged in sexual acts. A subsequent search warrant was secured to examine the

---

[28] *Id.* at *741.
[29] March 23, 2018 Sentencing Transcript, at pgs. 4-14; Superior Court Docket No. 35- Affidavit of Counsel in Response to Rule 61 Motion.

9

phone further for evidence of child pornography. That led to the police obtaining another search warrant to go to Rogers' house and seize his laptop computer.[30]

30.     Trial counsel further explained that even though Rogers took a plea to the drug charges very quickly, Rogers is incorrect in his belief that the investigation into child pornography that the police stumbled upon, should have been discontinued after the drug plea and any images stumbled upon should be suppressed.[31]

31.     Trial counsel represented that what Rogers does not seem to understand is that the State's original seizure of the cell phone was lawful and rationally based on the crime of drug dealing, and that when the police stumbled onto the pornographic images they stopped the search and obtained a subsequent search warrant to expand the investigation.[32] There was no good faith basis to seek the suppression of the pornographic images obtained pursuant to the search warrants obtained under the facts and circumstance of this case.[33]

32.     An ineffective assistance of counsel claim based on the failure to object to evidence is without merit if trial counsel lacked a legal or factual basis to object to the evidence.[34] Counsel did not file a motion to suppress in this case because he did

---

[30] March 23, 2018 Sentencing Transcript, at pgs. 5-14.
[31] March 23, 2018 Sentencing Transcript, at pgs. 5-14.
[32] March 23, 2018 Sentencing Transcript, at pgs. 5-14.
[33] March 23, 2018 Sentencing Transcript, at pgs. 5-14.
[34] *State v. Exum*, 2002 WL 100576, at *2 (Del.Super.), *affirmed*, 2002 WL 2017230, at *1 (Del.).

not believe he had any good faith basis to do so. Trial counsel cannot be deemed ineffective for failing to file a motion to suppress, when there was no basis to support such a motion. Conclusory, unsupported and unsubstantiated allegations are insufficient to establish a claim of ineffective assistance of counsel.[35] This claim is without merit.

33. Rogers second claim, that the search warrant was invalid because it was based on stale information, in addition to being procedurally barred for not having raised it on direct appeal, and waived at the time of the entry of the plea, is also without merit. The search warrant was not stale and was not invalid. The drug investigation led to the search of the cell phone, which led to the initial discovery of child pornographic images, which led to an expansion of the scope of the investigation into child pornography. There was nothing improper about the initial search warrant, or the search warrants obtained thereafter as the investigation expanded based on the evidence discovered. This claim is without merit.

34. Finally, Rogers claims that the Superior Court erred in denying his motion to withdraw his plea. The Delaware Supreme Court already held that the Superior

---

[35] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,* 2004 WL 74506, *2 (Del.Super. 2004)(conclusory and unsubstantiated allegations of unprofessional conduct are insufficient to support a motion for postconviction relief).

11

Court did not err in denying his motion to withdraw his plea.[36] This claim is without merit.

35.    Rogers' claims are procedurally barred, waived and without merit.

For all of the foregoing reasons, Rogers' Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Lynne M. Parker

cc:    Prothonotary
       Joseph M. Leager, Esquire

---

[36] *Rogers v. State*, 2018 WL 5881536 (Del.).

12