ABEL MOJICA, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 263, 2009.
Supreme Court of Delaware.
Submitted: June 23, 2009.
Decided: August 10, 2009.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice
This 10th day of August 2009, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:
(1) The appellant, Abel Mojica, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Mojica's opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that Mojica was arrested in December 2006 on unrelated criminal charges and released on bail. The bail was posted by a bondsperson, who discovered shortly after posting the bond that Mojica was wanted on a new warrant for an assault charge. Because the new warrant violated the conditions of his release on bail and would result in forfeiture of the bond, the bondsperson sent agents to Mojica's apartment to take him into custody. While conducting surveillance, the bond agents observed Mojica engage in drug transactions outside his apartment complex. Afterwards, they knocked on Mojica's apartment door. When the door was opened, the agents entered, seized Mojica, observed drugs in plain view, and found drugs in Mojica's pockets. The bond agents called police, who obtained a search warrant for the apartment and discovered a large quantity of drugs, paraphernalia, and a loaded gun.
(3) Mojica was indicted in January 2007 on multiple drug and weapon charges. He moved to suppress the evidence seized from his apartment at the time of his arrest on the ground that the bond agents were State actors and that the initial search violated his constitutional rights. The Superior Court denied the motion to suppress. Thereafter, Mojica accepted the State's guilty plea offer and, on August 14, 2007, pled guilty to possession with intent to deliver heroin and possession of a firearm during the commission of a felony. In exchange, the State dismissed the remaining counts of the indictment. The Superior Court sentenced him immediately. Mojica did not appeal.
(4) On August 11, 2008, Mojica moved for postconviction relief raising six issues. Five issues challenged the legality of the search on various grounds. The sixth was a claim that the State failed to preserve exculpatory evidence. The Superior Court denied Mojica's motion on the ground that three of the issues he raised were barred by Superior Court Criminal 61(i)(4) because the issues had been resolved against him in the ruling on his pretrial suppression motion. The Superior Court found Mojica's three remaining claims to be procedurally barred by Rule 61(i)(3), because Mojica had failed to raise these claims in the proceedings leading to the judgment of conviction and because Mojica had failed to establish cause and prejudice for failing to raise the claims earlier. This appeal followed.
(5) After careful consideration of the parties' respective positions on appeal, we find it manifest that the judgment below should be affirmed on the basis of the Superior Court=s well-reasoned decision dated April 28, 2009. The Superior Court did not err in concluding that Mojica's motion for postconviction relief was procedurally barred and that Mojica had failed to overcome the procedural hurdles. Moreover, Mojica's voluntary guilty plea waived his right to challenge any alleged errors occurring prior to the entry of his plea.[1]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Miller v. State, 840 A.2d 1229, 1232 (Del. 2003).