IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
)
v. ) ID No. 0304014538
)
)
TERVAUGHN C. STURGIS )

Defendant.

Submitted: July 20, 2018
Decided: August 20, 2018

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD
BE SUMMARILY DISMISSED**

Sonia Augusthy, Esquire, Deputy Attorney General, Department of Justice,
Wilmington, Delaware, Attorney for the State.

Tervaughn C. Sturgis, James T. Vaughn Correctional Center, Smyrna, Delaware,
*pro se*.

**MAYER,** Commissioner

This 20th day of August, 2018, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. On November 4, 2003, Defendant plead guilty to Robbery First Degree and agreed to immediate sentencing. As a result of the plea and Defendant's agreement to 20 years at Level V, Defendant avoided an habitual offender determination, would have otherwise been eligible for life imprisonment and the remaining charges were dismissed.

2. At the time of the plea, Defendant executed a Truth-in-Sentencing Form and acknowledged that he was freely and voluntarily pleading guilty to the charge of Robbery First Degree, that he was not promised anything in exchange for the plea, and that he was waiving certain fundamental constitutional rights.

3. Defendant subsequently filed three (3) Motions to Modify Sentence,[1] a Petition for Computation with the Board of Pardons,[2] and most recently a Motion for Postconviction Relief (the "Motion").[3]

---

[1] D.I. #s 30, 31, 34, 35, 38, 39.

[2] *See* D. I. # 33.

[3] D.I. # 40. Defendant also filed a Motion for Transcripts and a Motion for Appointment of Counsel that were denied by way of Order dated August 16, 2018.

4.     Defendant's Motion presents the following arguments: (i) Defense counsel was ineffective when he failed to challenge the State's improper charging for the offense; and (ii) the Trial Court illegally sentenced Defendant.    Essentially, Defendant believes the State failed to adequately charge the crime of Robbery because the Indictment alleged Defendant deprived the victim of his "property" whereas the Affidavit of Probable Cause specifically referenced "property consisting of USC (or United States Currency)" and the Affidavit report stated "approximately $70 USC".  Defendant submits that "the property was simply 'U.S. Currency' and not 'property' as the indictment indicates."  Defendant believes his counsel was ineffective for not challenging this inconsistency, and that he should have moved to suppress the Indictment and/or contested the photo lineup based upon the State's failure to adequately charge the correct robbery count.

## CONCLUSION

5.     Before considering the merits of a claim, the Court must first determine whether there are any procedural bars to the Motion.[4]  There are several procedural bars applicable to Defendant's arguments and as such, the Court should not consider the merits of the claims.[5]  Moreover, pursuant to Super. Ct. Crim. R. 61(d)(5) the

---

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[5] *Id.*; *Paul v. State*, 2011 WL 3585623 (Del. Aug. 15, 2011), at *1 ("Delaware law provides that the Superior Court must first consider whether the defendant has

3

Motion may be summarily dismissed because it plainly appears from the record in the case that movant is not entitled to relief.

6. As an initial matter, Defendant's Motion is barred by Super. Ct. Crim. R. 61(i)(1) for having been filed more than one year after the judgment of conviction became final. Defendant's conviction became final thirty days after sentencing or December 4, 2003.[6] This Motion, having been filed more than fourteen (14) years later, is untimely.

7. Further, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. Defendant has challenged his sentence no less than three (3) times through motions over a period of years, each of which were denied. The legality of his sentence has been formerly adjudicated and should not be re-considered. Defendant's remaining objection to the wording of the Indictment in

---

satisfied the procedural requirements of Rule 61 before considering the merits of his postconviction motion.")

[6] *See* Super. Ct. Crim. R. 61(m)(1). If the defendant does not file a direct appeal, the judgment of conviction becomes final 30 days after the Superior Court imposes sentence.

4

comparison to the Affidavit of Probable Cause was never raised before the Trial Court and is therefore deemed waived.

8.    To the extent Defendant believes his ineffective assistance of counsel claims are not subject to the procedural bars, he is mistaken. Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[7] However, an ineffective assistance of counsel claim is still subject to the timeliness bar of Rule 61(i)(1) and therefore, Defendant's claims in this regard have been asserted too late.[8]

9.    Defendant also argues "no claims are barred under Rule 61(i)(5)." Unfortunately, Defendant is not citing the current version of Super. Ct. Crim. R. 61(i)(5) that now states that "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule." Defendant's Motion having been filed in July of 2018 is subject to the statute as currently in effect and therefore, the citations in support of his argument (presenting a "colorable claim" or "miscarriage of justice"

---

[7]    *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[8]    *State v. Marine*, 2015 WL 3429920, at *1 (Del. Super. May 13, 2015) (holding claims of ineffective assistance of counsel were time barred when motion was filed almost nine years after sentencing.)

5

argument) are simply inapplicable here. In addition, Defendant does not present a claim that the Court lacked jurisdiction.

10. The bars to relief set forth above though will not apply to a claim if the movant was convicted after a trial and the motion pleads with particularity that (i) new evidence exists creating a strong inference that the movant is actually innocent in fact of the acts underlying the conviction, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review, applies to render the conviction invalid.[9] Defendant was not convicted after a trial, has not set forth any new evidence or facts demonstrating that he is innocent of the acts giving rise to the conviction, nor has he asserted that a new rule of constitutional law affects his conviction. Thus, Defendant has failed to establish an exception to the procedural bars.

11. Finally, to the extent Defendant contends that he has established "cause" and "prejudice" to overcome the procedural bar found in Rule 61(i)(3), he has not. An attorney's failure to pursue a reasonably available claim, if egregious, may constitute ineffective assistance of counsel and meet the standard of "cause" to excuse a procedural default under Rule 61(i)(3).[10] Defendant's arguments surround the

---

[9] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i)-(ii).

[10] *Shelton v. State*, 744, A.2d 465, 475 (Del. 2000) (also holding that "Attorney error which falls short of ineffective assistance of counsel does not constitute cause for relief from a procedural default").

wording of the Indictment in contrast with the Affidavit of Probable Cause and the difference in the use of the words "property" versus "U.S. Currency." Defendant also argues that the Court should not have sentenced him to 20 years at Level V despite his agreement to that term, and the avoidance of a possible life sentence of imprisonment. These propositions not only lack merit, but Defendant waived any right to contest these issues when he plead guilty and there is nothing to support a claim that his rights were violated. To the extent Defendant avers an error in the Indictment, his valid guilty plea waived any right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[11] A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful and Defendant is bound by his statements to the Court.[12] Defendant knowingly, intelligently and voluntarily plead guilty to Robbery First Degree, agreed to his sentence, and waived any right to contest the evidence against him.[13] As such, Defendant's arguments fail to meet the exceptions

---

[11] *Modjica v. State*, 2009 WL 2426675 (Del. 2009), citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

[12] *Windsor v. State*, 2015 WL 5679751, at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements). *See also, State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997).

[13] Defendant's Motion does not challenge the validity of his guilty plea.

to the procedural bars and do not raise any exceptional circumstances to warrant consideration at this time.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
cc: Tervaughn C. Sturgis
    Sonia Augusthy, Esquire, Deputy Attorney General