IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       )
                              )
v.                    )   ID No. 1609014541
                              )
DAMMEYIN A. JOHNSON  )
       Defendant.       )
                              )

Submitted: January 14, 2019
Decided: February 8, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Barzilai K. Axelrod, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Dammeyin A. Johnson, Howard R. Young Correctional Institute, Wilmington, Delaware, *pro se*.

**MAYER,** Commissioner

This 8th day of February, 2019, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On November 7, 2016, Defendant was indicted on the charges of Drug Dealing of Cocaine in a Tier 4 quantity, Aggravated Possession of Cocaine in a Tier 5 quantity, and Operating a Vehicle with Improper Tinting. The charges stem from a motor vehicle stop because Defendant did not have a window tint waiver for his vehicle. The officer detected the aroma of marijuana, conducted a search of the car, and eventually located a large amount of cocaine, drug paraphernalia, multiple cellular telephones and cash. Defendant entered a *nollo contendere* plea to the charge of Drug Dealing Cocaine in a Tier 4 quantity[1] and was sentenced to 4 years at Level V consistent with the parties' agreement.[2]

On July 10, 2018, Defendant filed a Motion for Postconviction Relief, including a 21-page single spaced Memorandum of Law with case citations and

---

[1]  D.I. # 25.

[2]  Defendant and the State have different interpretations as to whether Defendant filed an appeal. Defendant appears to have appealed a denial of his motion to modify his sentence, not his conviction. The Court may take that into consideration when addressing the timing of the filing of the Motion for Postconviction Relief as well as the potential waiver of any claims.

Appendix.[3] On August 24, 2018, Defendant filed "Materials to be Added to Defendant's Memorandum of Law in Support of his Motion for Post-Conviction Relief Pursuant to Superior Court Criminal Rule 61," which included a typed brief and additional exhibits in support.[4] The record was enlarged and both of Defendant's former counsel submitted affidavits in response,[5] the State submitted a response,[6] and Defendant filed a Reply.[7]

Defendant presents nine (9) claims that may be summarized as follows:

- Ground One: Ineffective Assistance of Counsel. Defendant met trial counsel for the first time on the day of trial and counsel never conducted any pre-trial investigation, nor was he equipped to proceed with trial.

- Ground Two: The Trial Judge was complicit in denying Defendant effective representation. The Trial Judge knew defense counsel had been assigned 45 days prior to trial and had no time to discuss the case, creating circumstances adverse to Defendant's interests.

- Ground Three: The guilty plea was involuntary. Defendant was forced to plead guilty because counsel was unprepared and the court would not allow a continuance.

- Ground Four: Judicial misconduct and abuse of trial court discretion. The court should not have allowed the case to go forward knowing defense counsel had just been assigned.

---

[3] D.I. # 41.

[4] D.I. # 45.

[5] D.I. # 54, 55.

[6] D.I. # 58.

[7] D.I. # 61.

3

- Ground Five: The Trial Judge denied Defendant due process/equal protection. The Trial Judge forced Defendant to choose between a trial or plea knowing defense counsel was not prepared to go forward with a trial.

- Ground Six: Petitioner was charged and prosecuted in violation of his Fifth Amendment rights. The State violated Defendant's rights by charging him with both Tier 4 Drug Dealing and Aggravated Possession Tier 5 which are the same offenses rooted in the same act.

- Argument # 1: The Trial Court's denial of the continuance request was erroneous, arbitrary and an abuse of discretion.

- Argument # 2: Defendant was not advised of his right to file an appeal.

- Argument # 3: Trial Counsel never consulted with Defendant before filing the motion for continuance and motion to suppress.

- Argument # 4: Judicial misconduct because the Trial Court refused to hear the suppression motion.

All of Defendant's claims were either waived or fail to meet the standard of ineffective assistance of counsel. As such, it is my recommendation that the Motion for Postconviction Relief be denied.

## DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[8] Defendant's first motion, having been filed within one year of when the judgment of conviction became final, is timely.[9] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4) though, any ground for

---

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[9] Super. Ct. Crim. R. 61(m)(1) and Super. Ct. Crim. R. 61(i)(1).

4

relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[10]

All of Defendant's claims originate from his belief that his rights were violated because defense counsel was appointed 45 days prior to trial, and thus trial counsel could not have been prepared to proceed. Defendant though ignores the fact that he had private counsel many months prior to the substitution of counsel. Defendant retained Jonathan Layton, Esquire ("Layton" or "Private Counsel") on October 19, 2016. Mr. Layton obtained discovery materials from the State and spent approximately 50 hours working on Defendant's case. Mr. Layton reviewed and analyzed voluminous discovery to determine whether there was a basis to file a motion to suppress, prepared trial strategies, drafted and sent mitigating information to the State, and engaged in in-person meetings, discussions, telephone conferences, and email exchanges with Defendant. Mr. Layton appeared at each of the scheduled

---

[10] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

pre-trial dates and the trial calendar originally scheduled for April 18, 2017. Trial was then continued to June 29, 2017.

On May 3, 2017, Mr. Layton filed a Motion to Withdraw. Prior to, or no later than that date, Defendant was aware that the relationship had deteriorated and he needed to obtain new counsel. Kevin O'Connell, Esquire, from the Office of Defense Services, was appointed to represent Defendant ("O'Connell" or "Trial Counsel").[11] The Court approved another continuance of the trial date to August 3, 2017 and specifically noted that there would be "no more continuances." Despite this, on August 2, 2017, Mr. O'Connell requested a third continuance. Along with the request, Mr. O'Connell submitted a motion to suppress and a request to file the motion out of time.[12]

On August 3, 2017, Defendant elected to enter a plea rather than proceed with trial. That morning, Defendant asked the Court for a delay to attend to personal matters.[13] Despite jurors and judges ready to begin trial, the Court allowed

---

[11] D.I. # 17.

[12] Defense counsel had a difference of opinion as to the effectiveness of a motion to suppress. The motion was discussed at the plea hearing and based upon the summary of the factual and legal issues, the State felt it held the stronger position. *See* Plea Trans. at pp. 15-16, at D.I. # 31.

[13] *See* Excerpted Trial Calendar Transcript at D.I. # 30.

Defendant a three (3) hour delay. Defendant was also given time to consult with Mr. O'Connell before advising the Court of his choice to plead.

When the Court reconvened later that afternoon, the State reported the Plea Agreement and Truth-in-Sentencing Guilty Plea Form had been executed. In response to the Court's questions, Defendant responded that he had read, understood and answered all of the questions truthfully.[14] As the Court read the charge, Defendant for the first time, through Mr. O'Connell, notified the State and Court that Defendant wished to plead "no contest" rather than enter a plea of guilty. The State then issued a proffer on the record and recited the evidence that would be presented in the event the matter went forward as a trial.[15] The Court questioned the appropriateness of a no contest plea in light of the State's evidence. Mr. O'Connell responded that Defendant did not contest that he was driving the car in which the drugs were found, but rather he did not wish to admit that the drugs were his.[16] The Court then allowed the entry of a plea of no-contest.

During the plea colloquy, Defendant stated he was freely and voluntarily deciding to plead no contest to the charge, that he was not threatened or forced to

---

[14]  Plea Trans. at p. 4.

[15]  Plea Trans. at pp. 6-9.

[16]  *Id.* at pp. 9-10.

7

enter the plea, that he agreed to waive certain trial and appellate rights, and that the decision to enter the plea was in his best interest.[17]

With respect to Mr. O'Connell's preparation for trial, he attests that he reviewed all of the discovery exchanged between the State and Mr. Layton, visited police headquarters and conducted a thorough inspection of Defendant's vehicle, and conducted legal research as to any State or Federal constitutional issues implicated by the search. Mr. O'Connell also spoke with Defendant by phone on several occasions prior to the trial date. Mr. O'Connell affirms that he would have advised Defendant that by entering a plea, the pending motion to continue the trial date and the motion to suppress would not be considered. Further, to the extent Defendant believes he was illegally sentenced, Mr. O'Connell would have advised him that the plea does not deprive him of his right to challenge that issue. Finally, the Plea Hearing Transcript demonstrates that Mr. O'Connell was prepared to address Defendant's unique plea circumstances, and he provided the Court with extensive and detailed mitigating circumstances.[18]

---

[17] Plea Trans. at pp. 12-13.

[18] *See* Plea Trans. at pp. 16-18.

## I.   Defendant's Judicial Claims were Waived

Ground Two, Ground Four, Ground Five, and Argument #1 all center around allegations that the Trial Judge erred in denying Defendant's request for a continuance. As noted above, Defendant was first represented by Private Counsel and then assigned experienced counsel from the Office of Defense Services. Defendant was afforded several continuances of the trial date, and then extra time to consult with counsel on the date of trial. In fact, the Court took the unusual step of allowing Defendant to leave to make personal arrangements before coming back in the afternoon. The trial judge is given wide discretion to decide requests for a continuance.[19] I find no error by the Trial Judge/Court and to the extent Defendant believes any error occurred, his claims were waived when he entered the plea and/or are barred for his failure to raise these issues earlier.[20]

## II.   Defendant's Claims in Ground Six and Argument # 4 were Waived

Defendant plead to one charge and was sentenced on that one charge. Defendant did not pursue any challenge to the original indicted charges prior to his plea or on appeal. In fact, Defendant waived his right to challenge any alleged errors,

---

[19] *Cooke v. State*, 97 A.3d 513, 528 (Del. 2014); *Secrest v. State*, 679 A.2d 58, 64 (Del. 1996); *Weston v. State*, 832 A.2d 742, 744-745 (Del. 2003);

[20] *See* Super. Ct. Crim. R. 61(i)(3). Defendant has not established "cause for relief" or "prejudice" to avail himself of the exception to the procedural bar.

deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions, and these claims cannot be pursued now.[21]

### III. Defendant's Plea was Voluntary, Knowing and Intelligent

Leaving aside Defendant's continued accusations of ineffective assistance of counsel, the record also does not support his claim that the plea was involuntary (Ground Three). Defendant executed the Truth-in-Sentencing Guilty Plea Form whereby he acknowledged that he was freely and voluntarily deciding to plead no contest to the charge and that he was waiving certain constitutional rights in doing so. At the hearing, Defendant again acknowledged that he freely and voluntarily decided to plead no contest and that he was not threatened or forced to enter the plea. A defendant's statements to the Court during the plea colloquy are presumed to be truthful.[22] Defendant has provided no basis to deviate from the Court's decision to

---

[21] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Modjica v. State*, 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

[22] *Windsor v. State*, 2015 WL 5679751, at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements).

accept the plea.[23] Defendant is now bound by his answers and has failed to offer clear and convincing evidence that his plea was coerced.[24]

## IV. Defendant's Claims do not meet the *Strickland* standard

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[25] When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[26] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[27] Mere

---

[23] *See e.g., Rogers v. State*, 2003 WL 2008195 (Del. 2003) (finding claim that plea was involuntary due to ineffective assistance of counsel was contradicted by the Truth-in-Sentencing Guilty Plea Form and by defendant's statements at the plea colloquy).

[24] *See State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997).

[25] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[26] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[27] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[28] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[29]

The remaining claims, Ground One, Argument # 2 and Argument # 3 are not supported by the record. Defendant's assertions that Trial Counsel was unprepared, are speculative at best. Defendant premises his ineffective assistance of counsel claims solely on the period of time available between appointment and the trial date, as well as their lack of in-person meetings. This case is unlike *Harden v. State*,[30] wherein the Supreme Court held that trial counsel was ineffective at the sentencing stage because he first met with his client the day of the sentencing hearing, and only for a few minutes. Likewise, this case does not create the same concerns raised in *Urquhart v. State*.[31] In that case, defendant was represented by different public defenders at his various hearings and trial counsel was otherwise unavailable up through the morning of trial. The Supreme Court recognized that Urquhart had not

---

[28] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[29] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[30] 180 A.3d 1037 (Del. 2018), *rehr'g en banc* denied March 1, 2018.

[31] 2019 WL 311040 (Del. Jan. 24, 2019).

seen the State's evidence against him, expressed a lack of understanding of the proceedings, and was in a state of confusion when discussing trial or a continuance.

Here, Defendant was represented by Private Counsel who reviewed evidence, developed strategies and began trial preparation. Defendant's Private Counsel attests that he engaged in "numerous telephone conferences, in-person meetings, and email exchanges with Movant to discuss strategy, and frequent exchanges of written correspondence with Movant." Private Counsel also appeared on Defendant's behalf at the original trial calendar. Trial Counsel was appointed almost two months before the final trial/plea date, and after receiving the file from former counsel, also thoroughly reviewed all the discovery, inspected the vehicle, researched legal strategies and presented motions. Trial Counsel had several discussions with Defendant by phone and later met with him for a period of time before the plea was entered. Prior to his entry of the plea, the State set forth a detailed proffer of its case against Defendant and he was fully aware of the evidence that would be presented. Defendant broadly claims that "had defense performed his duties professionally, the outcome of the Defendant's case would have turned out differently." There is nothing in the record to demonstrate that counsel was unprepared for trial nor that Defendant was confused about the proceedings. Rather, the record is replete with facts supporting counsel's preparedness and Defendant's willingness to enter into

13

the plea. Defendant has not demonstrated a reasonable probability sufficient to undermine confidence in the outcome of the proceedings.

With respect to Defendant's accusation that he was not advised of his right to file an appeal, Defendant waived the right to file an appeal with the assistance of trial counsel when he plead no-contest. Despite this, Trial Counsel would have advised him that the plea does not deprive him of his right to challenge certain issues.

Finally, Defendant complains that Trial Counsel never consulted with him before filing the motion for a continuance and motion to suppress.[32] Defendant also argues in his papers that the Court erred when it "refused to hear the [suppression] motion, which created substantial questions as to the validity of the stop, search and seizure." Regardless, when Defendant entered his plea, he waived the right to pursue the motion to suppress and the motion was then deemed withdrawn or moot.[33] Although he waived that right, Defendant also recognizes his motion had merit and cannot now claim error by Trial Counsel in filing it.[34] Defendant has also not

---

[32] Defendant implies that the continuance request was because Mr. O'Connell was not prepared to proceed with trial. However, the request for a continuance was to allow the motion to suppress to be heard, not on the basis that counsel was unprepared.

[33] *See Day v. State*, 2011 WL 3617797 (Del. Aug. 7, 2011) (claim that counsel was ineffective for failing to file a suppression motion was waived when defendant voluntarily entered his guilty plea).

[34] At the Plea Hearing, the State noted the motion to suppress would be deemed withdrawn or moot and then provided the Court with a summary of the legal issues

14

established any prejudice arising from Trial Counsel's representation at the plea stage of the proceedings. The car was registered to Defendant, he was the only occupant at the time of the stop and drugs, paraphernalia and cash were found in the trunk. In this case, the plea provided Defendant with a clear benefit, Defendant received a sentence well below the possible sentencing guidelines.[35] Further, Defendant has not articulated what – if anything – could have been presented that would have lead him to proceed to trial and obtain a more favorable result. Defendant has thus failed to rebut the presumption of reasonable professional conduct under the circumstances as well as the second prong requiring Defendant to demonstrate actual prejudice.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

The Honorable Katharine L. Mayer

---

involved. Defendant did not raise any issues or indicate he lacked an understanding of the handling of the motion. *See* Plea Trans. at pp. 15-16.

[35] Defendant was facing a possibility of 6-12 years at Level V per the sentencing guidelines and as a result of Defendant's history of two prior felony convictions, sentencing could have been at the higher end of the guidelines.

oc: Prothonotary
cc: Barzilai K. Axelrod, Deputy Attorney General
Kevin J. O'Connell, Esquire
Jonathan Layton, Esquire
Mr. Dammeyin Johnson (SBI #00306875)