**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| DEVON STOVALL, | ) | ID NO. 2204002054 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: October 8, 2024
Date Decided: November 25, 2024

*Upon Defendant's Motion For Postconviction Relief.* **DENIED**.

## <u>ORDER</u>

Devon Stovall, *Pro Se*.

**SCOTT, J.**

1

This 25th day of November 2024, upon consideration of Defendant's Second Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, it appears that:

1. Devon Stovall ("Stovall") has filed a second *pro se* Motion for Postconviction Relief, pursuant to Superior Court Criminal Rule 61. For the reasons set forth below, Stovall's Motion is **DENIED.**

2. Devon Stovall was convicted of the following charges: Possession of a Firearm During the Commission of a Felony, Two Counts of Possession of a Firearm by person Prohibited, Drug Dealing (heroin), Drug Dealing (cocaine), Drug Possession (heroin), Possession of Drug Paraphernalia; and Possession of Marijuana.

3. On May 10, 2023, this Court heard Stovall's pretrial Motion to Suppress. Stovall's' Motion to Suppress moved to suppress evidence obtained by his probation officer according to the Department of Corrections' regulations. Stovall's Motion asserted three grounds: (1) the search exceeds the authority of 11 Del. C. § 4321 because the statute is limited to individuals not vehicles or residences, (2) in the alternative, probation officers lacked reasonable suspicion for criminal activity prior to searching Stovall's residence, (3) the probation officers did not comply with DOC Procedure

7.19. The Court heard the Motion in open Court and denied the Motion to Suppress in its entirety.

4. On July 23, 2023, this Court sentenced Stovall to Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited and Controlled Substances. The sentence was imposed pursuant to a Plea Agreement between the State and Stovall and was signed by Stovall.

5. On September 19, 2023, Stovall filed a Motion for Correction of Illegal Sentence, pursuant to Criminal Rule 35, on the following grounds: Stovall asserted his sentence should have run concurrently instead of consecutively. On October 31, 2023, this Court denied Stovall's Motion to Modify Sentence because his sentence was imposed pursuant to a plea agreement between the State and Stovall.

6. Now before this Court, is Stovall's Second Motion for Postconviction relief pursuant to Rule 61. Stovall asserts his Motion for Postconviction relief on three grounds; (1) the Probation officer conducted an illegal search and seizure of his car and residence, (2) the Court denied his Motion to Suppress the evidence obtained as a result of the search of his car and residence and seizure of the evidences obtained as a result of the seizure, and (3) the Probation officer failed to wear a Body Worn Camera ("BWC") during the search and seizure.

3

7. "Superior Court Criminal Rule 61 governs postconviction relief. The limited scope of Rule 61 is to provide incarcerated individuals a chance to seek redress form a prior sentence of this Court by 'setting aside a judgment of conviction' because the Court 'lacked jurisdiction to enter the judgment or on any other ground that is a sufficient factual and legal basis for collateral attack upon a criminal conviction.'"[1] Before the Court can address the merits of a postconviction motion, the Court must determine if the claim is procedurally bared as set forth in Rule 61(i)(1)-(4):[2] timeliness,[3] repetitiveness,[4] procedural default,[5] and former adjudication.[6]

8. Grounds one through three are barred for failure to timely file the Motion. Rule 61(i)(1) governs "a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final, or if it asserts a retroactively applicable right that is newly recognized after the judgment

---

[1] *State v. Lashley*, 2024 WL 4625106, at *4 (Del. Super. Ct.).

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[3] Super. Ct. Crim. R. 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a judgment of conviction is final.
[4] Super. Ct. Crim. R. 61(i)(2) bars the consideration of repetitive motions, with limited exceptions.
[5] Super. Ct. Crim. R. 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of movant's rights."
[6] Super. Ct. Crim. R. 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case.

of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[7] Stovall conviction became final on July 23, 2023, more than a year after his conviction became final. Stovall subsequently filed his second Motion for Postconviction relief on October 8, 2024. Stovall failed to meet the timely filing requirement, thus, his grounds for relief are barred.

9. Lastly, Stovall signed a plea agreement with the State. "A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence on the contrary."[8] Stovall understood that by entering his plea he was waiving his right to contest the sufficiency of the evidence against him. As confirmed by the plea colloquy, Plea Agreement and Truth-in Sentencing Guilty Form, Stovall entered his plea knowingly, intelligently, and voluntarily. Thus, he waved his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional

---

[7] Del. Super. Ct. Crim. R. 61(i)(1).

[8] *Evans v. State,* 2016 WL 6196456 (Del.); *State v. Harden,* 1998 WL 735879, *5 (Del. Super. Ct.); *State v. Stuart,* 2008 WL 4868658, *3 (Del. Super. Ct. 2008).

proportions.[9] Stovall, also, waived his right to challenge the factual basis for the charges and the plea. Stovall's claims challenging the sufficiently of evidence against him are waived when he knowingly, freely, and intelligently entered his plea.[10]

Therefore, for the reasons stated above, Devon Stovall's Motion for Postconviction Relief is **DENIED.**

    **IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**

---

[9] *State v. Williams*, 2019 WL 4643935, at *3 (Del. Super. Ct.); *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

[10] *See, Mills v. State,* 2016 WL 97494, at *3 (Del.); *Day v. State*, 2011 WL 3617797 (Del.); *Hickman v. State*, 1994 WL 590495 (Del.).