# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                      )
        Plaintiff,    )
                      )
    v.              )     Cr. ID No. 2307003993
                      )
NATHAN M. KYELBERG,    )
                      )
        Defendant.   )

Submitted: January 21, 2025
Decided: March 6, 2025

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT
DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
SHOULD BE DENIED
AND
DEFENDANT'S MOTION SEEKING DISCOVERY
SHOULD ALSO BE DENIED**

Beth D. Savitz, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Nathan M. Kyelberg, H.R.Y.C.I., Wilmington, Delaware, *pro se*.

PARKER, Commissioner

This 6th day of March 2025, upon consideration of Defendant Nathan M. Kyelberg's Rule 61 Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. On July 7, 2023, Defendant Kyelberg was arrested following a pre-approved probation administrative search of his residence and vehicle.[1] At the time of the search, Kyelberg was serving probation in Delaware for a misdemeanor weapons conviction out of Philadelphia, Pennsylvania.[2] As a result of that conviction, Kyelberg was not permitted to own or possess firearms.[3] Three firearms were found during the July 7, 2023 search along with ammunition and drugs. One of the firearms, a sawed-off shot gun, was found in his vehicle. Two firearms, a shot gun and a rifle, were found in his bedroom.[4]

2. A post-*Miranda* interview was conducted following Kyelberg's arrest at the scene and another post-*Miranda* interview was conducted at the police station.[5] During these interviews, Kyelberg admitted that all the firearms belonged to him. He admitted that he was aware that he was a person prohibited and was not allowed to be in possession of the firearms. He acknowledged that he had previously been advised by probation that he was not to be in possession of any firearms.[6] Kyelberg

---

[1] D.I. 1- Affidavit of Probable Cause attached as Exhibit B to Justice of Peace Court No. 2 Commitment filed in the Superior Court on July 19, 2023.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

also admitted to selling cocaine and Xanax, and to being in possession of other illegal substances.[7]

3.      Kyelberg was charged with a number of weapons and drug charges. As to the firearms charges alone, Kyelberg was facing a nine-year minimum mandatory prison sentence.[8]

4.      Due to Kyelberg's cooperation with the police upon his arrest, the State offered a generous pre-indictment plea.[9] On December 12, 2023, Kyelberg accepted the pre-indictment plea in which he pled guilty to one count of possession of a destructive weapon (the sawed-off shotgun) and one count of drug dealing.[10] As part of the plea agreement, the State agreed to dismiss all the remaining charges. The parties further agreed that sentencing would occur after a presentence investigation report was obtained and that at sentencing the State would cap its sentence recommendation to two years of unsuspended Level V time, followed by probation.[11] Defense counsel would be permitted to ask for a lesser sentence of time served.[12]

5.      On March 1, 2024, Kyelberg was sentenced to two years of unsuspended Level V time, followed by decreasing levels of probation.[13]

---

[7] *Id.*
[8] March 1, 2024 Sentencing Transcript, at pg. 3.
[9] *Id.* at 4, 13.
[10] December 12, 2023 Plea Transcript; D.I. 9-Plea Agreement.
[11] *Id.*
[12] *Id.*
[13] March 1, 2024 Sentencing Transcript, at pgs. 19-21; D.I. 11- Sentencing Order.

2

6.      Kyelberg did not file a direct appeal.

7.      On October 18, 2024, Kyelberg filed a motion requesting the production of discovery to assist in this Rule 61 motion.[14]  On October 21, 2024, Kyelberg filed a Motion for Modification of Sentence.[15] Also, on October 21, 2024, Kyelberg filed the subject Rule 61 Motion for Postconviction Relief.[16]

8.      By Order dated November 21, 2024, the Superior Court entered an order staying the Motion for Modification of Sentence until this Motion for Postconviction Relief was decided.[17]

## KYELBERG'S RULE 61 MOTION

9.      In the subject motion, Kyelberg raises three claims for relief.  First, he claims the State breached the plea agreement.  Second, he claims that the search of his parent's residence was illegal.  Third, he claims he was in an altered state at the time of his confession to the police.

10.     Prior to referring this motion to the undersigned Commissioner for assistance, the record was enlarged and a briefing scheduled was entered directing Kyelberg's trial counsel to submit an Affidavit addressing any ineffective assistance of counsel claims.  Thereafter, the State was directed to file a response to the motion and Kyelberg was given an opportunity to file a reply thereto.[18]

---

[14] D.I. 12.
[15] D.I. 13.
[16] D.I. 14.
[17] D.I. 18.
[18] Super.Ct.Crim.R. 61(f) and 61(g).

3

11. While the briefing was underway, this matter was referred to the undersigned Commissioner for assistance in deciding this motion.[19]

12. The briefing has now been completed and the motion is ripe for consideration.

13. Each of Kyelberg's claims will be addressed in turn.

## Claim One: Alleged Breach of Plea Agreement

14. In Claim One, Kyelberg claims that the State agreed to cap its sentence recommendation to 2 years of Level V time but breached that agreement by asking for more time at sentencing.

15. The Plea Agreement expressly provided that: "The State agrees to cap its recommendation for unsuspended Level 5 time at two (2) years followed by probation."[20]

16. At sentencing, the State asked for 2 years of unsuspended prison time followed by decreasing levels of probation.[21]

17. Kyelberg is simply incorrect. The sentence requested by the State was exactly what was agreed to in the plea agreement. The State capped its recommendation at sentencing to two years of unsuspended Level 5 time followed by probation. This claim is without merit.

---

[19] D.I. 20- Order of Reference
[20] D.I. 9- Plea Agreement
[21] March 1, 2024 Sentencing Transcript, at pg. 3-9.

4

18. For the sake of completeness, this claim is also procedurally barred. Superior Court Criminal Rule 61(i)(3) requires Kyelberg to raise this claim on direct appeal if he genuinely believed it had any merit. Kyelberg was, of course, aware of the State's sentencing recommendation at the time of sentencing, and if Kyelberg truly believed the State breached its agreement there was no justifiable reason he could not have raised this issue on direct appeal.

19. This claim is procedurally barred and without merit.

## Claim Two: Alleged Illegal Search

20. Kyelberg next claims that the search of his parent's house was illegal.

21. This claim was waived at the time Kyelberg accepted the plea. It is also procedurally barred, and without merit.

22. First, at the time Kyelberg entered into his plea he waived his right to challenge any alleged errors, deficiencies, shortcomings or defects occurring prior to the entry of his plea, even those of constitutional proportions.[22]

23. At the time of his plea, Kyelberg knew that he was waiving his trial rights which included challenging the State's evidence and raising any defenses thereto.[23] Kyelberg could have elected to proceed to trial thereby preserving the right to test the State's case and preserving the right to raise any defenses, including any

---

[22] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).
[23] See December 12, 2023 Plea Transcript, at pgs. 4-5; Truth-In-Sentencing Guilty Plea Form dated December 12, 2023.

5

suppression motions, that may have existed. Instead, he chose to waive those rights and accept the plea offer. Kyelberg's plea represented a prudent choice given the evidence against him, the pending charges, and the possible sentences he was facing.

24. Had Kyelberg not accepted the plea and proceeded to trial, he was facing at least nine years of minimum-mandatory prison time if convicted of the additional weapons charges he was facing, plus substantial prison time on the drug charges. By accepting the plea, Kyelberg was not facing any minimum-mandatory time and was sentenced to only two years of unsuspended prison time.

25. By accepting the plea, Kyelberg waived his right to challenge the legality of the search.[24]

26. Second, this claim is procedurally barred. Superior Court Criminal Rule 61(i)(3) requires Kyelberg to raise his claims, with the exception of any ineffective assistance of counsel contentions (which have not been asserted herein), on direct appeal.[25]

27. Kyelberg's claim that the search was illegal was required by Rule 61(i)(3) to be raised on direct appeal, but he failed to do so. If a procedural bar exists, then the

---

[24]*Mills v. State,* 2016 WL 97494, at *3 (Del.); *Day v. State,* 2011 WL 3617797 (Del.)(right to file a suppression motion is waived when defendant enters into a guilty plea).
[25] See, *Malin v. State,* 2009 WL 537060, at *5 (Del.Super. 2009); *Desmond v. State,* 654 A.2d 821, 829 (Del. 1994).

6

claim is barred, and the Court should not consider the merits of the postconviction claim.[26]

28.     Kyelberg was aware of this claim at the time he entered into his plea.  Indeed, the search had taken place on July 7, 2023, and he did not enter into his plea until December 12, 2023.  To the extent Kyelberg genuinely believed this claim was meritorious, he had time to, was aware of, and had the opportunity to raise this claim on direct appeal.  There was no just cause for not doing so.  Having been provided with a full and fair opportunity to present any issue desired to be raised on direct appeal, any attempt at this late juncture to raise a claim is procedurally barred.[27]

29.     Third, this claim is without merit.  Kyelberg was a probationer at the time of the search and the search resulted from a pre-approved probation administrative search of his residence and vehicle.

30.     Kyelberg does not provide any basis or support for his claim that the search of the residence was somehow illegal.  Conclusory, unsupported and unsubstantiated allegations are insufficient to establish a meritorious claim.[28]

31.     Likewise,  Kyelberg's trial counsel did not believe there was any good faith basis or support for any claim that the search was illegal. Kyelberg's trial counsel did not believe that given these facts, coupled with the caselaw related to the reduced

---

[26] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[27] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,*  877 A.2d 52 (Del. 2005).

[28] See, *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,*  2004 WL 74506, *2 (Del.Super. 2004).

expectation of privacy for probationers, there was any good faith basis to ethically file a suppression motion.[29]

32.     This claim was waived when Kyelberg entered into his guilty plea.  It is procedurally barred for not having been raised on direct appeal.  It is also without merit.

### Claim Three:  Alleged Confession To Police While In Altered State

33.     In Claim Three, Kyelberg claims that at the time of his confessions to the police he was high on drugs and not fully aware of what was going on.

34.     Like the prior claim, this claim was waived at the time of the plea, procedurally barred, and without merit.

35.     At the time of his plea, Kyelberg represented that he was not under the influence of alcohol or drugs, and was freely and voluntarily pleading guilty to the charges listed in the plea agreement.[30]

36.     Irrespective of whether he was impaired at the time of his statements to the police, he does not contend that he was impaired in any way at the time of his plea. Kyelberg's plea was entered into knowingly, voluntarily and intelligently and Kyelberg does not claim otherwise.[31]

---

[29] D.I. 19- Affidavit of Trial Counsel, at pg. 2.
[30] Truth-In-Sentencing Guilty Plea Form dated December 12, 2023; December 12, 2023 Plea Transcript, at pg.4.
[31] See, December 12, 2023 Plea Transcript, at pgs. 5-6.

37. At the time of the plea, Kyelberg waived any right to raise this claim. As previously stated, any challenges to the evidence were waived when he entered into his plea.

38. This claim is also procedurally barred pursuant to Superior Court Criminal Rule 61(i)(3). Kyelberg was required to raise this claim on direct appeal if he believed the claim had any merit. Kyelberg was, of course, aware of this claim- that he was allegedly in an altered state at the time of his confessions on the day of his arrest and not fully aware of what was going on- at the time he entered into his plea. He gave his statements to the police in July 2023 and did not accept the plea until December 2023. There was no justifiable reason that Kyelberg could not have raised this claim on direct appeal if he genuinely believed it had merit. It is now procedurally barred.

39. Moreover, this claim is without merit. Kyelberg's present contention is directly at odds with the record. After admitting that the guns and drugs were his in detailed statements to the police at two separate times on the day of his arrest, Kyelberg, at a later date, reiterated to his trial counsel that his statements to the police were true and correct.[32] In all the discussions that Kyelberg had with trial counsel, he never once stated that he was impaired in any way at the time he made his statements or that the statements were not true and correct.[33] To the contrary, he

---

[32] D.I. 19- Affidavit of Trial Counsel, at pgs. 2-3.
[33] *Id.*

9

advised counsel that the Affidavit of Probable Cause (which contained his post-*Miranda* admissions) was true and correct. He further advised his trial counsel that he gave a post-*Miranda* statement taking full responsibility for all the weapons and drugs seized.[34]

40. The generous plea offer was offered to Kyelberg by the State because he was so cooperative with the police and accepting of responsibility.[35]

41. At sentencing, Kyelberg spoke intelligently and openly about his drug addiction and its effects on his life but at no time did he inform the Court that he was high on drugs and in an altered state and not fully aware of his statements to the police at the time of his arrest.[36]

42. The record does not reflect that Kyelberg was impaired at the time of his statements to the police. Even if he was, he continuously and consistently reaffirmed the accuracy of those statements throughout the pre-trial process. He never once wavered in his acceptance of responsibility. His acceptance of responsibility resulted in his favorable plea offer and his favorable sentence.[37]

43. Having accepted responsibility and having received the beneficial plea and sentence for doing so, any attempt by Kyelberg at this late date to cast some doubt on his unequivocal admissions throughout the trial process is without merit.

---

[34] *Id.*
[35] March 1, 2024 Sentencing Transcript, at pg. 13.
[36] *Id.* at 17-19.
[37] March 1, 2024 Sentencing Transcript, at pg. 19.

44. This claim was waived at the time of the plea, procedurally barred, and without merit.

## Discovery Request is Denied

45. On October 18, 2024, Kyelberg filed a motion seeking discovery to aid in the presentation of his claims in this Rule 61 motion.[38]

46. Having found that the claims presented herein were waived at the time of the plea, procedurally barred, and without merit, there is no need for the materials requested. These materials will not aid in the presentation or consideration of any of the claims raised in the pending motion.

47. The request for discovery is denied.

## CONCLUSION

Following a careful review of the record, and for the reasons discussed above, the Court concludes that the claims raised in Kyelberg's Motion for Postconviction Relief were waived, procedurally barred, and without merit. Kyelberg's pending postconviction motion should be **DENIED.** Kyelberg's request for discovery related to this motion should also be **DENIED.**

**IT IS SO RECOMMENDED.**

/s/ Lynne M. Parker
Commissioner Lynne M. Parker

cc: Prothonotary
Sonia Augusthy, Esquire

---

[38] D.I. 12.

11