# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID No.  1107001026 |
| | ) | |
| CHRISTOPHER H. WEST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: July 10, 2025
Decided: August 29, 2025

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S FOURTH MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Zachary D. Rosen, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Christopher H. West, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

Defendant Christopher H. West's fourth Rule 61 motion for postconviction relief should be summarily dismissed for the reasons set forth below.

## BACKGROUND AND PROCEDURAL HISTORY

1. In January 2012, West pled guilty to one count each of Robbery in the First Degree and Robbery in the Second Degree.[1] As part of the plea agreement, West expressly agreed that he would not contest his eligibility to be sentenced as a habitual offender under 11 *Del. C.* § 4214(a). West stipulated and agreed that his convictions for Burglary Second in 2003, Forgery Second in 2004, and his forgery conviction in Pennsylvania in 2009 made him eligible to be sentenced as a habitual offender.[2]

2. After granting the State's motion to declare West a habitual offender, the Superior Court sentenced West to 28 years at Level V, suspended after 25 years, for decreasing levels of supervision.

3. West did not appeal the guilty plea or sentence.

4. In 2013, West filed his first Rule 61 motion for postconviction relief, claiming, among other things, that his sentence as a habitual offender under 11 *Del. C.* § 4214(a) was illegal. Counsel was appointed to represent West on this Rule 61 motion. In his first Rule 61 motion, West claimed that his

---

[1] D.I. 13- Plea Agreement.
[2] *Id.*; January 9, 2012 Plea Transcript, at pgs. 3-8.

2009 conviction for Forgery in Pennsylvania should not have been used as a predicate felony conviction for his habitual offender status in this action.

5.     The Superior Court denied West's first Rule 61 motion finding all of the claims raised therein to be without merit.[3] The Superior Court noted that the terms of the plea agreement required West to agree that he was eligible for sentencing as a habitual offender due to his forgery conviction in 2009 in Pennsylvania, along with his Burglary Second conviction in 2003 and his Forgery Second conviction in 2004.[4]

6.     The Superior Court, in denying West's first Rule 61 motion, further noted that the records supporting West's conviction in 2009 for Forgery in Pennsylvania were attached to the State's habitual offender petition and reflected that West entered into a guilty plea on May 13, 2009 to the charge of forgery, he admitted to having committed the charge of forgery, and he agreed to waive all his trial and appellate rights associated with that charge including his right to confront and cross-examine witnesses.[5]

---

[3] *State v. West,* 2013 WL 6606833 (Del.Super.Comm'r Dec. 12, 2013), *adopted,* D.I. 54-January 7, 2014 Order adopting Commissioner's Report and Recommendation.
[4] *Id.* at 6-7.
[5] *Id.* at 7, D.I. 36- at Exhibit C.

7.      On appeal, the Delaware Supreme Court found West's claims, including his illegal sentence claim, to be without merit and affirmed the Superior Court's denial of West's first Rule 61 motion.[6]

8.      In 2015 and 2016, West filed his second and third motions for Rule 61 postconviction relief, which the Superior Court denied.[7] West appealed the denial of his third motion for postconviction relief, which the Delaware Supreme Court affirmed on appeal.[8]

9.      In April and May of 2016, West filed a motion and an amended motion for correction of illegal sentence. West claimed that his habitual offender sentence was illegal because his predicate offenses should not have warranted habitual status.  The Delaware Supreme Court held that West, when entering into his guilty plea, conceded that he was a habitual offender because of three prior felony convictions in 2003, 2004 and 2009.  Given that West conceded he was eligible for habitual offender sentencing, his motion for correction of an illegal sentence was denied.[9]

10.      In addition to the unsuccessful Rule 61 motions and motions seeking the correction of an illegal sentence, West filed a petition for a writ of habeas corpus in April 2020 in the Superior Court, claiming he was illegally

[6] *West v. State,* 2014 WL 4264922 (Del.).
[7] *State v. West,* 2015 WL 3429919 (Del.Super. 2015)(2nd Rule 61 motion); D.I. 68- May 21, 2015 Order denying West's 3rd Rule 61 Motion.
[8] *West v. State,* 2016 WL 4547912 (Del.).
[9] *West v. State,* 2016 WL 5349354 (Del.).

detained. The petition was denied by the Superior Court after a finding that he was legally detained.[10]

11. West filed another Habeas Corpus Petition in July 2023 in the Superior Court. The Superior Court again found West lawfully detained and denied that petition. The Delaware Supreme Court affirmed the denial of the petition on appeal.[11]

12. In May 2024, West again filed a writ of habeas corpus in the Superior Court claiming once again that he was illegally detained, which was denied by the Superior Court as frivolous.[12]

13. West also filed a number of unsuccessful postconviction petitions and motions in the federal court.[13]

## WEST'S FOURTH RULE 61 MOTION

14. On June 26, 2025, West filed his fourth Rule 61 Motion for Postconviction Relief. In the pending motion, West raises various claims. He claims that the process by which Rule 61 was amended in 2014 was flawed, that counsel appointed to represent him in his initial postconviction proceeding was ineffective, and that the Superior Court lacked jurisdiction

---

[10] *In the Matter of the Petition of Christopher Harry West,* Case No. N20M-04-030, D.I. 1 and 4.

[11] *West v. May,* 2024 WL 707261 (Del.), *cert. denied,* 145 S.Ct. 239 (2024).

[12] *West v. May,* 2024 WL 2746072 (Del.Super.).

[13] See, *West v. May,* 2024 WL 1050849 (D.Del.)(detailing all the petitions for habeas corpus relief and motions for illegal sentence filed in the federal courts); See also, *West v. May,* 2022 WL 834434 (D.Del.).

over his charges. Finally, he claims that new caselaw decided by the U.S. Supreme Court calls into question his habitual sentence.

15. Rule 61 contains a number bar that precludes review of "second or subsequent" motions.[14] Rule 61 requires all second or subsequent motions to be summarily dismissed unless an exception applies.[15] The only defendants that can avail themselves of an exception to the procedural bars are those defendants that were *convicted after a trial*.[16]

16. Rule 61(d)(2) requires the summary dismissal of all second or subsequent motions unless the movant, *convicted after a trial*, pleads with particularity either that "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . .invalid."[17] For defendants who pled guilty, like West, and did not have a trial, there are no applicable exceptions.[18]

---

[14] Del.Super.Crim.R. 61(d)(2), (i)(2).
[15] *Id.*
[16] See, Del.Super.Crim.R. 61(d)(2).
[17] Del.Super.Ct.Crim.R. 61(d)(2); See also, Rule 61(i)2)(i)(No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of Rule 61(d)(2)).
[18] See, *Cadiz v. State,* 2022 WL 3366253, *1 (Del.); *Brice v. State,* 2024 WL 3710504, *1 (Del.).

17. For defendants who pled guilty, like West, even if there is a new rule of constitutional law, made retroactive to his case, he cannot avail himself of that new rule.[19] For defendants whose convictions stemmed from a guilty plea, any second or subsequent motion must be summarily dismissed.

18. West cannot meet the threshold pleading requirement for proceeding with his fourth Rule 61 motion, as his convictions stemmed from a guilty plea, and therefore there are no applicable exceptions available to him which would permit him to proceed with this motion. West's fourth Rule 61 motion should be summarily dismissed.

19. For the sake of completeness, as to West's complaints regarding his first Rule 61 motion, the Delaware Supreme Court decided this motion in 2014, over 11 years ago. The Delaware Supreme Court affirmed the Superior Court's denial of that motion finding that all of West's claims raised therein were without merit.[20] The Delaware Supreme Court found that West's plea was entered into knowingly, intelligently, and voluntarily, that as part of the plea West expressly agreed that he was eligible to be sentenced as a habitual offender, that his counsel was not ineffective, and

---

[19] *Brice v. State,* 2024 WL 3710504, *1 (Del.).
[20] *West v. State,* 2014 WL 4264922 (Del.).

6

that his sentence was not illegal in any respect.[21] Any claims relating to that motion at this late date are now time-barred.[22]

20.    Moreover, as to West's claim that the Superior Court somehow lacks jurisdiction over his charges, the Delaware Supreme Court has already held that the Superior Court clearly has jurisdiction over the disposition of West's charges.[23]

21.    West's final claim appears to be that the *Erlinger[24]* decision somehow impacts his sentence as a habitual offender.  In *Erlinger,* the United States Supreme Court held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions before his sentence can be enhanced as a habitual offender.[25]  In *Erlinger,* the defendant did not agree and stipulate to be sentenced as a habitual offender and the defendant opposed the government's motion to designate him as a habitual offender.[26]  In *Erlinger,* the defendant claimed that his decades-old burglaries had not occurred on four separate occasions but during a single criminal episode.[27]

---

[21] *Id.*
[22] Del.Super.Crim.R. 61(i)(1).
[23] *West v. May,* 2024 WL 707261, * 2  (Del.), *cert. denied,* 145 S.Ct. 239 (2024).
[24] *Erlinger v. United States,* 602 U.S. 821 (2024).
[25] *Id.*
[26] *Id.* at 826.
[27] *Id.*

22. Here, however, West stipulated and expressly agreed that he was eligible to be sentenced as a habitual offender. West did not oppose the State's motion to declare him a habitual offender. Not only did he not oppose it, but he agreed that his convictions for Burglary Second in 2003, Forgery Second in 2004, and Forgery in 2009 in PA, made him eligible to be sentenced as a habitual offender.

23. Indeed, the plea agreement expressly provided: "Defendant agrees that he [is] eligible to be sentenced as a habitual offender because of the following convictions: Burglary Second (2003); Forgery Second (2004); Forgery (2009 PA)."[28] West's agreement to be sentenced as a habitual offender was confirmed by the Court during the plea colloquy.[29]

24. A valid guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea. By accepting the plea, and by expressly stipulating and agreeing to his habitual status, West waived his right to challenge the legality of his habitual offender status.[30]

24. Prior to entering into the plea, West was facing charges stemming from three bank robberies and one attempted bank robbery at four separate

---

[28] D.I. 13- Plea Agreement.

[29] January 9, 2012 Plea Transcript, at pgs. 8-11.

[30] See, *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004); *Evans v. State,* 2025 WL 1565409 (Del.).

locations. As a result, West was facing two counts of First-Degree Robbery, one count of Second-Degree Robbery, and one count of Attempted Robbery in the First Degree. The evidence against West was overwhelming. In fact, West, when interviewed by the police, confessed to committing the three bank robberies and the attempted bank robbery.[31] West was facing significantly more prison time if he had taken his case to trial and been convicted of all four charges and could have been sentenced to life imprisonment.

25. Indeed, had West proceeded to trial, and been convicted of all four charges, the State could have moved to sentence West as a habitual offender on multiple charges and he could have faced multiple life sentences. Instead, in exchange for accepting responsibility, and agreeing to be sentenced as a habitual offender on one count of Robbery First Degree, the State agreed to recommend the minimum mandatory 25- year prison sentence for that conviction and to recommend a suspended prison term on the Robbery Second conviction. The State also agreed to dismiss the other First Degree Robbery charge and the Attempted Robbery in the First-Degree charge as part of the plea.

---

[31] D.I. 52- Postconviction Counsel's Motion to Withdraw, Exhibit I- West's July 5, 2011 Statement, at pgs. 53-73.

26.     West represented to the Court at the time of his plea that he was aware of all his trial and appellate rights, and that he was entering into the plea, rather than moving forward with a trial, because it was in his best interests to do so.[32]  The plea provided a substantial benefit to West.

27.     After receiving a substantial benefit by entering into the plea agreement, West cannot now unilaterally attempt to change the terms of his plea agreement.  He is bound by the stipulated and agreed upon terms of the plea agreement.


In accordance with the mandates of Rule 61, West's pending motion, his fourth Rule 61 motion, should be dismissed because he failed to meet the threshold pleading requirements for proceeding with a successive Rule 61 motion.


**IT IS SO RECOMMENDED.**


/s/ Lynne M. Parker
Commissioner Lynne M. Parker


cc:     Prothonotary
         Zachary A. George, Esquire

---

[32] January 9, 2012 Plea Transcript, at pgs. 9-10.