# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
    )
    Plaintiff,     )
    )
v.     )     Cr. ID No. 2309011721
    )
RYAN L. MARKS,     )
    )
    Defendant.     )

Submitted: December 12, 2025
Decided: February 4, 2026

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S RULE 61 MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Amanda D. Buckworth, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State

Ryan L. Marks, SBI No. 00999748, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se*.

**PARKER, Commissioner**

This 4th day of February 2026, upon consideration of Defendant Ryan L. Marks' Rule 61 Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.    On January 2, 2024, Defendant Ryan L. Marks was indicted on twenty-two counts of Rape Fourth Degree, one count of Sexual Abuse of a Child by a Person in Position of Trust, and one count of Continuous Sexual Abuse of a Child.

2.    Marks was the live-in boyfriend of the victim's mother.[1] When the victim was 17 years old, and living in Delaware, she reported to the police that Marks had been sexually assaulting her for many years. She reported that the abuse started when they were living in Florida, continued when they moved to Alabama, and was occurring almost every day, at least 5 times a week, after they moved to Delaware.[2]

3.    The victim's mother and Marks moved to Delaware in November of 2022, the sexual abuse started right away, continued at least 5 times a week, and did not stop until it was reported to the police on September 21, 2023.[3] The victim was 16-17 years of age at the time of the sexual abuse that occurred in Delaware.[4]

---

[1] October 26, 2023 Preliminary Hearing Transcript, at pg. 6.

[2] D.I. 1- Affidavit of Probable Cause attached as Exhibit B to Justice of Peace Court No. 2 Commitment filed in the Superior Court on or about October 27, 2023; October 26, 2023 Preliminary Hearing Transcript, at pgs. 11-13.

[3] October 26, 2023 Preliminary Hearing Transcript, at pgs. 9-10, 17.

[4] August 9, 2024 Sentencing Transcript, at pg. 3; October 26, 2023 Preliminary Hearing Transcript, at pgs. 9-10, 17.

4. The victim told a friend that she was being sexually abused by her mother's boyfriend, at least five times a week, and the friend reported the sexual abuse to the police.[5]

5. Marks admitted to the police that he sexually assaulted the victim, but claimed it was only on one occasion when she was 16 years of age.[6] Marks blamed the victim for the sexual contact and claimed that she had seduced him, even though she was 16 years old at the time and he was essentially her stepfather and 37 years old.[7]

6. The victim reported that when they were living in Delaware, Marks would routinely tell the family they were going to Wawa but he would drive her to the parking lot of the Walmart Store in Elkton, Maryland where she would perform oral sex on him. After Marks ejaculated, she would routinely spit the seminal fluid into Mountain Dew bottles. The victim told the police that the bottles could be located either in Marks' vehicle or in the trash cans near his vehicle outside of the residence.[8]

7. They would then return to their residence and almost every day, at least five times a week, around midnight when everybody was sleeping, Marks would get the victim from her bedroom and they would go to the first floor bathroom of the

---

[5] October 26, 2023 Preliminary Hearing Transcript, at pg. 6, 14.
[6] August 9, 2024 Sentencing Transcript, at pg. 5.
[7] August 9, 2024 Sentencing Transcript, at pg. 5.
[8] D.I. 1- Affidavit of Probable Cause attached as Exhibit B to Justice of Peace Court No. 2 Commitment filed in the Superior Court on or about October 27, 2023; October 26, 2023 Preliminary Hearing Transcript, at pgs. 7-8.

residence where he would routinely engage in vaginal sex, anal sex and oral sex with her. She told the police that Marks would tell her he would kill himself if she told anyone.[9]

8.    The police were able to collect the Mountain Dew bottles and found that both the victim's DNA and Marks' seminal fluid were inside.[10]

9.    If convicted at trial of all the charges in the indictment, Marks was facing a maximum prison sentence of 357 years.[11]

10.    The parties engaged in protracted plea negotiations. At the time of the plea negotiations, the victim's mother was very ill with cancer and was not expected to live much longer and the State was trying to save the victim from the trauma of having to testify at trial.[12]

11.    The State extended a plea offer to one count of Continuous Sexual Abuse of a Child with an agreement to cap its sentence recommendation to 5 years of unsuspended Level V time.[13]

---

[9] D.I. 1- Affidavit of Probable Cause attached as Exhibit B to Justice of Peace Court No. 2 Commitment filed in the Superior Court on or about October 27, 2023; October 26, 2023 Preliminary Hearing Transcript, at pgs. 7-9.

[10] October 26, 2023 Preliminary Hearing Transcript, at pg. 16; D.I. 24- Affidavit of Counsel, at pgs. 6-7; August 9, 2024 Sentencing Transcript, at pgs. 3-4.

[11] Marks' was facing a maximum sentence of 330 years for the 22 counts of Rape 4th Degree; a maximum sentence of 25 years for the one count of Continuous Sexual Abuse of a Child; and a maximum sentence of 2 years for Endangering the Welfare of a Child (victim of sexual offense).
[12] August 9, 2024 Sentencing Transcript, at pgs. 4-5, 10.

[13] See, D.I. 14- Plea Agreement; D.I. 24- Affidavit of Counsel, at pg. 2.

3

12.	Defense counsel attempted to negotiate a plea to one (or more) counts of Rape 4th Degree, but the State refused to extend any such offer. At Defense Counsel's urging, after further plea negotiations, the State ultimately agreed to reduce the cap on its sentence recommendation from 5 years of unsuspended Level V time to 3 years of unsuspended Level V time.[14] The minimum mandatory sentence on that charge was two years of unsuspended Level V time.[15]

13.	On May 28, 2024, Marks pled guilty to one count of Continuous Sexual Abuse of a Child. As part of the plea agreement, the State agreed to dismiss all of the remaining charges in the indictment. The State agreed to cap its sentence recommendation to no more than 3 years of unsuspended prison time.

14.	On August 9, 2024, Marks was sentenced to 3 years of unsuspended prison time, followed by decreasing levels of probation.[16]

15.	Marks did not file a direct appeal.

## DEFENDANT'S RULE 61 MOTION

16.	On July 31, 2025, Marks filed the pending Rule 61 Motion for Postconviction Relief alleging ineffective assistance of counsel. Marks claims to be dissatisfied with his plea. Marks essentially contends that his counsel was ineffective because Marks was not offered a plea to one or more counts of Rape 4th degree, instead of the plea

---

[14] *Id.*
[15] *Id.*
[16] D.I. 16- Sentence Order.

to Continuous Sexual Abuse of a Child, and also because Marks wanted to serve less or no jail time.

17. At the time of the filing of the Rule 61 motion, Marks also filed a motion for the appointment of counsel. By Order dated September 4, 2025, this Court denied the appointment of counsel.[17]

18. Before ruling on this Rule 61 motion, the record was enlarged, and Marks' trial counsel was directed to submit an Affidavit responding to the ineffective assistance of counsel claims. Thereafter, the State filed a response to the motion and Marks was permitted to file a reply thereto.[18]

19. For the reasons detailed below, the claims raised in Marks' Rule 61 motion were waived upon the entry of his plea and are also without merit.

## Defendant's Claims Were Waived Upon the Entry of His Plea

20. A defendant is bound by his answers on the guilty plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[19]

21. At the time of the plea, Marks represented that he was satisfied with his attorney's representation.[20] He represented that he freely and voluntarily decided to

---

[17] D.I. 23- September 4, 2025 Order denying counsel and setting a briefing schedule.
[18] Super.Ct.Crim.R. 61(f) and 61(g).
[19] *State v. Harden,* 1998 WL 735879, *5 (Del.Super.); *State v. Stuart,* 2008 WL 486858, *3 (Del.Super.).
[20] May 28, 2024 Plea Transcript, at pgs. 11; Truth-in-Sentencing Guilty Plea Form dated May 28, 2024.

5

plead guilty to the charge of Continuous Sexual Abuse of a Child.[21] He represented that by entering into his guilty plea he knew he was giving up his trial rights, including his right to challenge the sufficiency of the State's evidence supporting the conviction.[22]

22. Marks' representations to the Court at his plea colloquy are presumed to be truthful.[23] In fact, Marks expressly represented to the Court that his answers were truthful.[24]

23. At the plea hearing, Marks admitted that he was guilty of the charge of Continuous Sexual Abuse of a Child.[25] Marks expressly admitted that "between the 1st of November in 2022 and the 21st of September 2023, a period of time not less than three months in duration in New Castle, Delaware, while residing in the same home with a minor child or having recurring access to the child, [he] intentionally engage[d] in three or more acts of sexual conduct with AC, a child under the age of 18 years of age."[26] Marks admitted to having committed this crime and pled guilty.[27]

---

[21] May 28, 2024 Plea Transcript, at pgs. 8-9.
[22] May 28, 2024 Plea Transcript, at pgs. 9-10; Truth-In-Sentencing Guilty Plea Form dated May 28, 2024.
[23] *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997).
[24] May 28, 2024 Plea Transcript, at pg. 12; Truth-In-Sentencing Guilty Plea Form dated May 28, 2024.
[25] May 28, 2024 Plea Transcript, at pg. 12
[26] *Id.*
[27] *Id.*

6

24. The Court accepted Marks' guilty plea only after finding that he entered into his plea knowingly, intelligently and voluntarily.[28]

25. In his Rule 61 motion, Marks now claims that, contrary to his representations at the plea colloquy, he was not satisfied with his counsel's representation and that his counsel should have negotiated a better plea. Moreover, even though Marks waived his right to challenge the sufficiency of the State's evidence at the time of the plea, he now seeks to do so.

26. By pleading guilty to the charge of Continuous Sexual Abuse of A Child and admitting that he was guilty of this crime, Marks waived his right to challenge the sufficiency of the State's evidence to support this conviction.[29] By representing to the Court at the time of the plea that he was satisfied with his counsel's representation of him, that he was freely and voluntarily entering into his plea, and that he committed the crime for which he pled guilty, he waived his right to later claim to the contrary.[30]

27. Marks' claim(s) presented herein involve allegations of defects, errors, shortcomings, misconduct and deficiencies which existed at the time of the entry of

---

[28] *Id.* at *12-13.
[29] See, *Novack v. State,* 2026 WL 91649 (Del.); *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State,* 840 A.2d 1229, 1232 (Del. 2004).
[30] *Id.*

7

the plea. Marks' claim(s) presented herein were waived when he knowingly, freely and intelligently entered his plea.[31]

## Defendant's Claims Are Without Merit

28. In addition to having waived the claims presented herein, Marks' claim(s) of attorney ineffectiveness are also without merit.

29. In order to prevail on an ineffective assistance of counsel claim, the defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[32] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[33]

30. In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would

---

[31] See, *Novack v. State,* 2026 WL 91649 (Del.); *Mills v. State,* 2016 WL 97494, at *3 (Del.); *Rodriguez v. State,* 2003 WL 1857547, at *1 (Del.)(a defendant's guilty plea eliminates his claims relating to events that occurred before the entry of his plea.).
[32] *Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984).
[33] *Id.* at 687-88, 694.

8

have insisted on going to trial.[34] The burden of proving ineffective assistance of counsel is on the defendant.[35] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[36]

31. Turning to the subject Rule 61 motion, first, Marks' claim that he was dissatisfied with counsel is directly at odds with his representations during the plea colloquy in which he expressly and specifically stated that he was satisfied with counsel's representation.

32. Marks' present attempt to challenge the sufficiency of the State's evidence on his conviction of Continuous Sexual Abuse of a Child, is directly at odds with his representation at the plea colloquy in which he admitted that "between the 1st of November in 2022 and the 21st of September 2023, a period of time not less than three months in duration in New Castle, Delaware, while residing in the same home with a minor child . . .[he] intentionally engage[d] in three or more acts of sexual conduct with AC, a child under the age of 18 years of age."[37]

33. Marks' admissions at the plea colloquy that he and the victim were residing in the same home, that the victim was a minor, that he acted intentionally, and that he sexually assaulted the minor three or more times between November 1, 2022 to

---

[34] *Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State,* 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore,* 131 S.Ct. 733, 739-744 (2011).
[35] *Oliver v. State,* 2001 WL 1751246 (Del.).
[36] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990).
[37] May 28, 2024 Plea Transcript, at pgs. 12-13.

9

September 21, 2023, a period of more than three months, sufficiently supports the conviction of Continuous Sexual Abuse of a Child.[38]

34. Marks is bound by his representations at the time of his plea, in the absence of clear and convincing evidence to the contrary. Here, Marks has not presented any clear, contrary evidence to call into question his representations at the time of his plea. Marks' claims are without merit.

35. Second, Marks' contention that his counsel was ineffective because he was not permitted to plead guilty to one (or more) Rape 4th Degree charges rather than his plea offer to Continuous Sexual Abuse of a Child, is unwarranted, unjustified and misplaced. Marks does not seem to understand that defense counsel cannot force the State to offer any particular plea. It is the State, not defense counsel, that makes the decision as to what plea to offer. Marks' counsel tried to convince the State to offer a plea to Rape 4th or to multiple Rape 4th charges, rather than a plea to Continuous Sexual Abuse of a Child, but the State refused to do so.[39]

36. Third, contrary to Marks' present contention that defense counsel was ineffective for not negotiating a better plea, the record reflects that defense counsel did an outstanding job in obtaining an extremely favorable plea for Marks.

---

[38] See, 11 *Del. C.* § 776 (a)(a person is guilty of continuous sexual abuse of a child when residing in the same home with the minor child the person intentionally engages in 3 or more acts of sexual conduct with a child under the age of 18 years of age over a period of time of not less than 3 months in duration).

[39] D.I. 24- Affidavit of Defense Counsel, at pgs. 2-6; D.I. 25- State's Response to Rule 61 Motion, at pgs. 6-7.

10

37.     The record reflects that defense counsel did all he could to negotiate the best plea possible for Marks.  Included amongst defense counsel's efforts to negotiate the best plea possible, defense counsel arranged for a psychological evaluation of Marks and provided a copy of the psychological report to the State as mitigation on Marks' behalf in order to obtain a more lenient plea.[40]

38.     Based on the mitigation provided by defense counsel, counsel was able to convince the State to decrease its sentence recommendation from 5 years of unsuspended prison time to 3 years of unsuspended prison time.  Defense counsel attempted to further negotiate with the State, but the State refused to offer any other plea.[41]

39.     In order to obtain the best result possible for Marks, defense counsel advised Marks to accept responsibility for his actions and not blame the victim.  Marks did not take counsel's advice and told the Pre-Sentence Investigating Officer that it was the (then 16-year-old) victim that seduced him.[42]

40.     Defense counsel then counseled Marks that at his allocution at sentencing he needed to take back that statement that he was seduced and accept responsibility.[43]

41.     Marks' claim that defense counsel failed to effectively negotiate a favorable plea is unavailing.  Defense counsel objectively negotiated a very favorable plea and

---

[40] *Id.*
[41] D.I. 25- State's Response to Rule 61 Motion, at pg. 6.
[42] D.I. 24- Affidavit of Defense Counsel, at pg. 2.
[43] D.I. 24- Affidavit of Defense Counsel, at pgs. 2-3.

11

provided sound advice and guidance. Indeed, if Marks went to trial and was convicted of all the charges, he was facing hundreds of years in prison. Marks was able to convince the State to offer a plea to Continuous Sexual Abuse of a Child with a recommended sentence of only three years of prison time. Marks' acceptance of the plea represented a prudent choice given the pending charges, the evidence against him, and the possible sentences he was facing if convicted at trial.

42. Marks contention that if he was permitted to plead to one or more counts of Rape 4th degree, he would have probably been sentenced to less prison time or no prison time, is apropos of nothing. The reality is that the State would not extend any such offer. The State refused to offer any better plea than the plea that Marks accepted.

43. Finally, Marks claims that he should have been permitted to plead to one count of Rape 4th degree, because he only admitted to having sexual assaulted the victim one time when the victim was 16 years of age. The State, of course, in determining what plea to offer considered all the evidence and not just Marks' statement.

44. The evidence included the victim's friend's statement that the victim was continually being sexual abused by Marks, and the victim's statement that the sexual abuse was occurring at least 5 times a week during the entire time they were living in Delaware. The victim reported that Marks routinely brought her to a parking lot where he made her perform oral sex on him and then spit the seminal fluid in Mountain Dew bottles, and then later on those nights, he would have her perform

12

vaginal, anal, and oral sex on him in a downstairs bathroom while everybody else in the household was sleeping. Indeed, the victim's testimony was corroborated with the Mountain Dew bottles collected by the police in September 2023, when the victim was 17 years of age, containing both the victim's DNA and Marks' seminal fluid. The State would have considered this strong evidence that, despite Marks' statement that the sexual abuse only occurred one time months before the victim came forward and reported the abuse, the sexual abuse had, in fact, continued to repeatedly occur.

45. It is hard to envision how trial counsel's representation of Marks could be deemed deficient in any respect given the ultimate result achieved in light of the facts and circumstances presented herein.

46. Marks failed to make concrete allegations of attorney ineffectiveness and support them. He failed to establish how counsel's representation was deficient in any regard or that he was somehow prejudiced as a result thereof. Marks' claims of counsel ineffectiveness are unsupported and without merit.

## CONCLUSION

47. Following a careful review of the record, and for the reasons discussed above, the Court concludes that the claims raised in Marks' Rule 61 Motion for Postconviction Relief were waived at the time he entered into his valid plea and are also without merit. Marks' pending postconviction motion should be **DENIED.**

**IT IS SO RECOMMENDED.**

/s/ *Lynne M. Parker*

Commissioner Lynne M. Parker

cc.    Prothonotary
        Sean A. Motoyoshi, Esquire

14